PERRIN vs. CLAFLIN,

Where the goods of one are seized under an attachment against another, on an interpleader filed by the owner of the goods so taken, if the plaintiff in the attachment defend the interpleader, it will be evidence of his assent to the seizure by the officer, and such subsequent assent will render the plaintiff liable in trespass.     '*7/- 4/5*

## ERROR to St. Louis Court of Common Pleas

LESLIE & LORD, *for Plaintiff in error, insist for a reversal of the judgment of the Court of Common Pleas.*

1. The court erred in instructing the jury that the plaintiff had failed to prove the defendant guilty of a trespass, and in directing the jury, under the evidence, to find for the defendant.

1st. Because the court usurped the province of the jury. There was no evidence before the jury from which they could infer that the attachment was levied upon the goods of Perrin, by the direction of Claflin; and

2nd. There was direct and positive evidence of the assent of Claflin, for it was distinctly proved that when Perrin interpleaded, he appeared and opposed the interpleader, and this brings it within the case of Jarmain vs. Hooper. 6 Manning & Granger, 46th vol. Com. Law Rep., 827, et sequiter.

TODD, *for Defendant in error, insists:*

That the Court of Common Pleas did not err in giving the instruction excepted to, because there was no evidence of a commission of a trespass by William Claflin. 7 Mo. R., 140; 9 Mo. R , 113, as to practice in such cases.

NAPTON, J., *delivered the opinion of the Court.*

Perrin brought an action of trespass *de bonis asportatis* against Claflin, to recover the value of certain goods seized under an attachment against one Shepperd, and damages for the seizure. On the trial, the plaintiff proved that his goods had been taken by the sheriff under a writ of attachment issued from the Court of Common Pleas in favor of William and Lee Claflin, against Edward Shepperd; that after the seizure, he (plaintiff) had interpleaded, claiming the goods seized as his property; that the trial of this issue resulted in a verdict for him, and that the Claflins, not satisfied, applied for and obtained a new trial, which second trial resulted as the first. The Claflins, of whom the defendant was one, appeared and defended against the interpleader. Proof was also offered

of the nature of the goods and the consequential damages resulting from their seizure.

The court instructed the jury, upon these facts, that the plaintiff had failed to prove any trespass by the defendant, and therefore directed a verdict for the defendant. This instruction or opinion was excepted to, a nonsuit taken, and a motion made to set aside the nonsuit, which was overruled and the case brought here.

The doctrine of the common law is, that the person who agrees to a trespass after it is done, where the trespass is done to his benefit or for his use, is a trespasser *ab initio.* His subsequent agreement is equivalent to a previous command. *Omnis ratihabitio retrotrahitur et mandato aequiparatur.* 2 Selw. N. P., 1019; Co. Litt., fol. 1806, No. 4.— It is said in 2 Hawkin's P. C., (p. 44, 6th ed.) that "it seems agreed, that whosoever agrees to a trespass on lands or goods done to his use, thereby becomes a principal in it." The same doctrine is maintained in Bishop vs. Viscountess Montagu, Cro. Eliz., 824.

This being the principle of law, the question is, whether the conduct of the Claflins in defending the interpleader is any evidence of their consenting to the previous action of the sheriff in levying on the plaintiff's goods.

The case of Wilson vs. Turman, (6 Manning & Granger, 239) is a decision of the Court of Common Pleas in England, which sustains the position taken by the Circuit Court in the present case, but the decision is based upon a very nice and novel distinction which I confess myself unable to comprehend. The Chief Justice (Tindall) admits the general principle of law, as the ancient authorities have determined. He says, "That an act done *for another*, by a person not assuming to act for himself but for such other person, though without any precedent authority whatever, becomes the act of the principal if subsequently ratified by him, is the known and well established rule of law. In that case, the principal is bound by the act, whether it be for his detriment or advantage, and whether it be founded on a tort or a contract, to the same extent as by and with all the consequences which follow from the same act done by his *previous* authority." But, after admitting the general doctrine, he denies its applicability to the case of an officer acting under a valid writ, and his reasoning is as follows: "If the defendant, Turman, had directed the sheriff to take the goods of the present plaintiff under a valid writ requiring him to take the goods of another person than the defendant in the original action, such previous direction would undoubtedly have made him a trespasser, on the principle that all who procure a

trespass to be done are trespassers themselves, and the sheriff would be supposed not to have taken the goods merely under the authority of the writ, but as the servant of the plaintiff. But where the sheriff, acting under a valid writ by the command of the court and as the servant of the court, seizes the wrong person's goods, a subsequent declaration by the plaintiff in the original action, ratifying or approving the taking, cannot, upon the distinction above taken, alter the character of the original taking and make it a wrongful taking by the plaintiff in the original action."

Here it will be observed that the conclusions of the court are based upon the assumption that the officer who acts under a valid writ acts as the agent of the court and not of the plaintiff. This is no doubt so; and if so, how can the previous direction of the plaintiff make him any more liable than his subsequent ratification? In both cases, the officer acts as the agent of the law, and not of the party; though, in both cases, the officer is put in motion *for the benefit* of the plaintiff. If the fact that the officer is acting officially in the business is to exempt the party beneficially interested from all responsibility for his acts, this exemption cannot be limited to the case of a subsequent ratification upon any principle which will not equally apply to a previous command. And it is well settled and so declared to be in this very case, that a previous command by the plaintiff or his attorney will make the plaintiff liable. Parsons vs. Lloyd, 3 Wils., 341; Jarman vs. Hooper, 3 Maul. & Grang., 826. The law does not command the officer to take the goods of a person not named in the writ, and if the officer takes the wrong person's goods, he is himself responsible for the trespass. If the party interested in the execution gives directions to the officer to take such goods, he also is liable; and if, where there has been no previous direction, there is a subsequent ratification of the acts of the officer, it is difficult to perceive any principle which shall exempt from responsibility the party who ratifies what has been done, and hold him liable who commands the act to be done.— It is for the benefit of the party to the action in both cases, though in both cases the officer professes to act officially.

Shall the conduct of the Claflins, then, in appearing to and defending the interpleader, be no evidence of a ratification of what the sheriff had done? They were not bound to defend the interpleader. They were necessarily parties to it, but, like other defendants, they could have disclaimed title and disclaimed the acts of the sheriff. They however defended the suit, and after a verdict against them applied for and obtained

a new trial.   Is this no evidence that they were willing to share the responsibility with the sheriff?   We think it was.

The judgment will therefore be reversed and the cause remanded.