OETERS, Plaintiff in Error, v. AEHLE, *et al.*, Defendants in Error.

1. The object of the statute (R. C. 1855, p. 248, § 32,) in giving to the court the power to order the sale of perishable property, is to confide a power to be used for the benefit of both parties and the sheriff to whom the order is issued is not under the control of either party, and they cannot order such sale to be stopped. If the officer neglects to sell at the time ordered, he does it at his own peril.
2. The doctrine concerning the effect of a plaintiff holding up an execution or stopping proceedings under it after levy, as regards other creditors, does not apply to proceedings under that section of the attachment act.

### Error to Cooper Circuit Court.

The plaintiff on the 18th June, 1859, sued out of the Cooper circuit court a writ of attachment, against the property of John Weber. The writ was delivered to the defendant, Bunce, sheriff, on the day that it issued, with directions to levy forthwith. On the 26th of April, 1859, the defendant, Aehle, had sued out a writ of attachment, in same court, against the property of Weber; and the defendant, Bunce, on 30th April, levied on Weber's property. The judge made an order on the 3rd of June, at Chambers, for the sale of the

property levied on, under the statute in relation to sale of perishable property. Sheriff Bunce advertised under Aehle's levy, but after said levy, and advertisement and before the day of sale, Aehle instructed the defendant, Bunce, to delay and not proceed with the sale. Achle's instructions were obeyed. The writ of attachment sued out by plaintiff was levied on Weber's property after the defendant Aehle had ordered the suspension of further proceedings under his writ. The property levied on was afterwards sold, but the proceeds were not sufficient to pay the amount due from Weber to plaintiff, and that also claimed by Aehle; and the defendant, Bunce, refused to pay to plaintiff the sum due him, for which this action is brought, asking an order on Bunce to apply the proceeds to the payment of plaintiff's debt.

*Douglass & Hayden,* for plaintiff in error.

The direction given by the defendant, Aehle, to the sheriff "to hold up and stop the sale" of the property levied upon and advertised to be sold under his writ of attachment, rendered it, as against the writ of the plaintiff, dormant and fraudulent. He lost that preference to the satisfaction of his debt which he had by law in the first instance, and the plaintiff became entitled to the preference. The levy of the plaintiff's writ was made after the suspension of proceedings had taken place by order of the defendant, and before that order was countermanded by him and the order of sale renewed. It is against the policy of the law to permit a creditor, by his writ of attachment or execution, to acquire a lien upon the property of a debtor and retain it, without pursuing his rights under the law controlling such process, to the hindrance or delay of subsequent attachment or execution creditors. The defendant, in this case, had ample time to secure his rights without interfering with the rights of the plaintiff; but he did not choose to avail himself of the favor afforded him by law, and can blame no one but himself for the advantage lost by him and gained by the plaintiff. In support of the plaintiff's legal right to the

25—VOL. XXXI.

preference over the defendant, the following authorities are relied on, viz: Storm v. Woods, 11 John. R. 110; 1 Smith's Lead. Cas., 71, 72; United States v. Conyngham, et al., Wallace C. C. R., 178; 1 Washington C. C. R., 37; 3 Ib., 60; 2 Tucker's C., 363, 364; Field v. Livermore, 17 Mo. 218.; Wise v. Darby, 9 Mo. 131; Brown v. Sheriff, 1 Mo. 108, 154.

*Stephens & Vest*, for defendants in error.

I. This case does not fall under the rule of law which renders a levy fraudulent as to other creditors, because the creditor directs the officer to suspend or postpone any action under his process. The sale here was under that clause of our attachment law which prescribes that when goods are seized by an officer likely to depreciate in value, or the keeping of which would be attended with expense, an order may be made by the court for their sale, and the proceeds of sale are held to abide the result of the suit. The creditor has no power over the process after the order is made. It is a matter entirely between the court and officer. In this case, Aehle could not control in any way the acts of Bunce, under the order made by the court. If the sheriff saw fit from any cause to change the day of sale, he alone was responsible, and it can not affect the original levy.

II. The law referred to and relied upon by plaintiff in error, is based upon the idea that the creditor, who can control the process in the hands of an officer, will not be permitted to cover up the defendant's property or delay other creditors, by interfering with the writ or levy he has himself taken. How in this case could Aehle protect the debtor Weber, or delay other creditors? The order of the court was simply intended to change the species of the property for the benefit of all the creditors of Weber, and to save expense. Nothing he could do or say could affect the sheriff's duty under the order, for it was a matter entirely within the control of the sheriff, and no postponement of such a sale as that ordered could affect Aehle's levy. The sheriff was alone responsible. (R. C. 1855, p. 248.)

Oeters v. Aehle.

NAPTON, Judge, delivered the opinion of the court.

The thirty-second section of the attachment law authorizes the court or judge, when property seized on attachment is likely to perish or depreciate in value before the probable termination of the suit, to order a sale of it. The proceeds of the sale, in such cases, are retained by the officer making it, to be disposed of as the property itself would have been, had it remained in specie.

This power is confided to the court for the benefit of both parties, debtor as well as creditor. The writ issued by the court or judge, is not at all in the nature of a writ of execution, subject to the control of the plaintiff or his attorney. The plaintiff, at the date of its issuance, has no judgment and may never get one. The object is simply to change the form of the property for the benefit of all parties concerned, and the sheriff or other officer to whom the writ is directed is no more under the control of the plaintiff than of the defendant. If he neglects to execute the writ at the time he is ordered to sell, his responsibility will depend, as in similar cases of disobedience to the proper mandates of the court, upon the validity of the excuse he may offer, and the mere order of the plaintiff would constitute none whatever.

The doctrine concerning the effect of a plaintiff's holding up an execution or stopping proceedings under it, after a levy, as it regards other creditors is not applicable to the proceeding in this case. It is a mere order, made during the progress of the cause, at the instance of either party, or upon the mere motion of the court, to keep the property attached from being wasted. Whether complied with or not is a matter which does not affect other creditors, who can proceed with their claims against the debtor and his property just as well in one case as the other. If injury results from delay or non-compliance, the officer would, of course, be responsible to the party upon whom the loss ultimately fell.

Judgment affirmed; Judge Ewing concurs. Judge Scott absent.