Kiley v. Forsee.

———o———

FLORENCE KILEY, Respondent, *vs.* E. B. FORSEE and Z. FORSEE, Appellants.

1. *Practice, Supreme Court—Preponderance of testimony.*—In civil law cases the Supreme Court will not decide as to preponderance of testimony.

2. *Corporations, municipal—Street improvements—Ordinance, what necessary to empower engineer.*—The charter of the city of St. Joseph provided that whenever the City Council should order macadamizing, guttering, etc., and they should "deem the performance of the work by contract, to be advantageous," it should be the duty of the city engineer to advertise for proposals; *Held*, that a subsequent ordinance requiring the engineer to so advertise was equivalent to an averment by the council, that such work under contract was advantageous without any further ordinance in terms directing the work to be so done. (Young vs. City of St. Louis, 47 Mo., 492.)

3. *Corporation, municipal—Deputy engineer, appointment of—Filing of certificate with register, etc.*—Where a city charter authorized the city engineer to appoint a deputy, but provided that the appointment should be in writing and filed with the register, and the proof showed that the deputy was appointed and acted and was recognized as such, the omission to file the certificate would not vitiate his acts.

4. *Corporation, agent of—Authority, how shown,*—It is a settled rule of law that not only the appointment, but the authority of the agent of a corporation may be implied from the adoption or recognition of his acts by the corporation.

*Appeal from Buchanan Circuit Court.*

*Ensworth and Hill & Carter*, for Appellants.

*W. H. Sherman*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff as contractor with the city engineer of St. Joseph, brought this action on certain certified tax bills, to recover the price for macadamizing, guttering, etc., done on eighth street, adjoining defendant's property. The answer set up want of authority in the engineer to make the contract, and that the work was done negligently and not in compliance with its terms. The ordinances from which the authorization was derived were submitted in evidence, and testimony was also adduced on each side as to the character and manner of doing the work. Upon a full hearing of the whole case, the judgment was for the plaintiff.

There was a general ordinance regularly passed and in existence, defining the dimensions, materials and manner of macadamizing and guttering when any work of that description should be ordered to be done; and there was another ordinance which was duly approved May 13, 1865, which provided, that whenever the City Council should order the macadamizing, guttering, crossings, sidewalks or other public works in the City of St. Joseph, when the performance of the same by contract would be deemed adautageous to the city by the city authorities, it was made the duty of the city engineer to cause an advertisement to be inserted in the official paper of the city, that he would receive sealed proposals at his office for the performance of the work ordered. Whilst these ordinances were in force, the City Council passed the following ordinance; "The city engineer is hereby required to advertise for sealed proposals, for the macadamizing, guttering and curbing of Eighth Street from Olive Street north to the north line of Francis Street, in accordance with the provisions of the ordinances now in force in relation to macadamizing, curbing and guttering the streets and alleys of the City of St. Joseph."

It was under the authority of this last ordinance that the city engineer proceeded to make the advertisement for sealed proposals, and the contract was awarded by him to the plaintiff upon the proposals which he received thereunder. The

contract was executed by the engineer acting through his
deputy.

As there was abundant evidence to support the verdict, this
court has no concern in reference to its weight, or on which
side we might suppose it preponderated.  It will be neces-
sary, therefore, only to consider the instructions, as they go
to the merits of the whole case, and cover every material
question of law that is raised.

For the plaintiff the court gave two instructions ; the first
of which, in substance, declared that the ordinances and con-
tract read in evidence constituted in law a contract with the
plaintiff and authorized him to do the macadamizing, gutter-
ing, etc. of Eighth Street from Olive Street to Francis Street;
that the certified tax bills were *prima facie* evidence of the
liability of the persons named therein, as owners; and that
the plaintiff was entitled to recover, unless it was shown by
the evidence that defendant's property was injured or its
value diminished by reason of any failure to comply substan-
tially with the requirements of the ordinances, and the terms
of the contract in the performance of the work charged in
the bills.   The second instruction was, that if the finding
was for the plaintiffs, it should be for the amount of the bills
with interest thereon, unless the evidence showed that de-
fendants were entitled to a reduction of the amount of the
bills by reason of plaintiff's failure to perform the work in a
good and workmanlike manner, or in substantially the man-
ner required by ordinance ; and, if the evidence showed that
such reduction should be made, then the judgment should be
for the plaintiff for the balance with interest.

Upon its own motion the court declared the law to be that
the certified tax bills upon which the suit was brought, could
not be issued and enforced until after the completion of all
the work mentioned in the contract.

To the giving of all the above declarations the defendant
excepted.

The defendant asked the court to give seven instructions.
The court gave those numbered one, six and seven, and re-

fused those numbered two, three, four and five. The first which was given declared the law to be, that to entitle the plaintiff to recover, he must show affirmatively that the mayor and City Council of the city of St. Joseph, ordered the work in controversy to be done.

The sixth instruction declared that unless the plaintiff completed the work in controversy substantially in manner and according to the stipulations set forth in the contract and the ordinances of the city, no liability attached to the defendants to pay the amount of the bills or any part thereof.

The seventh declaration asserted the proposition that if the plaintiff did complete the work set forth in the contract, in such an unskillful, negligent and improper manner as to injure the defendants, then he had no right to recover of the defendants any sum greater than the work was worth as shown by the evidence to be over and above the damages defendants sustained.

Of the instructions refused the second in the series declared that the mayor and City Council must, by an ordinance, order the work to be done; and that an ordinance directing the city engineer to advertise for sealed proposals for the work is not such an order as is contemplated by the charter. The third declaration asserts that the defendants are not liable in this action unless the whole of the work alleged to have been contracted for on Eighth Street was fully completed at the time the special tax bills were issued.

The fourth was that the city engineer was not empowered to issue the tax bills until the whole work named in the contract was completed; and, if the bills were issued before the work was fully completed, they did not constitute a valid assessment on the property of the defendants. And the fifth was to the effect, that the evidence in the case showed that John Severance was the city engineer at the time the alleged contract was made; and that there was no evidence showing that the person who made the contract was empowered to make the same; that the engineer could not delegate the power to make the contract.

The instructions as above shown given for the plaintiff and defendants, taken together, amount to a very full and fair presentation of the law. Plaintiff's instructions only express the language of the law when they make the certified tax bills *prima facie* evidence of the furnishing materials and doing the work; but, at the same time, if the materials were not furnished, nor the work done in compliance with the contract, a reduction is allowed, commensurate with the injury resulting therefrom. The first instruction given for the defendant rendered it necessary to find that the mayor and City Council had ordered the work to be done; and the sixth and seventh were substantially the same as those given for the plaintiff, only a little more explicit, holding that unless the plaintiff complied with his undertaking he could not recover; and that his account was subject to a deduction for any unskillfulness or negligence in doing the work. The second instruction refused, asserted that an ordinance was necessary to require the work to be done and the ordinance directing the city engineer to advertise for sealed proposals was not sufficient. Now the law was, that whenever the City Council should order the macadamizing, guttering, crossings, sidewalks, or other public works, when the performance of the same by contract would be deemed advantageous by the city authorities, it was made the duty of the city engineer to advertise for sealed proposals.

The subsequent ordinance under which the advertisement was made, required the city engineer to advertise for sealed proposals for macadamizing, guttering and curbing Eighth Street, in accordance with the provisions of ordinances then in force.

Was this order a sufficient expression of the legislative will as to the necessity or advantageousness of the work for which proposals were invited? Why advertise for proposals, if it was not considered advantageous to have the work performed or executed?

In the case of Young vs. The City of St. Louis, (47 Mo., 492) the act to enable the city of St. Louis to procure a sup-

ply of wholesome water, declared among other things, that whenever the City Council should, by a vote of two-thirds of all the members elected, declare the laying of a water pipe to be necessary, the board of Water Commissioners should cause the same to be laid. The City Council passed an ordinance authorizing the laying of a certain water-pipe; but did not, in terms, declare the laying of the same to be necessary. It was held that the ordinance was not for that reason invalid. The passage of the ordinance was equivalent to an averment that the necessity had arisen, and had been declared and acted upon. So in this case, the ordinance of the City Council requiring the engineer to advertise for proposals to do the work, was equivalent to an averment that the performance of the work by contract was necessary or advantageous. It either meant this, or it meant nothing. I think, therefore. the instruction was rightfully refused.

The third and fourth instructions were properly rejected, because the court, of its own motion, had previously given one on the precise point, and not inconsistent with the proposition they enunciated.

The fifth instruction declared that there was no evidence to show that the deputy who made the contract was empowered to do so; and the further ground is taken that the engineer could not delegate authority for that purpose. But this is a mistake. The charter and an ordinance read in evidence directly authorize the engineer to appoint a deputy to act for him and in his stead; but it is provided, that the appointment shall be in writing and filed with the city register. It does not appear that this was done. Severance, the engineer, swears, that the deputy was appointed by him and that he acted as such. It is shown that the deputy performed the duties of the office, and that he was recognized as such by the city and the public. His appointment is directly testified to, though the written evidence thereof was not filed with the register. This omission would not vitiate the deputy's acts. The appointment is what invested him with the power, and the failure to supply the appropriate evidence would not invalidate his acts.

It may be laid down as a settled proposition of law, that not only the appointment, but the authority of the agent of a corporation may be implied from the adoption or recognition of his acts by the corporation. (Ang. & Ames Corp., § 284.) But it is not necessary to invoke this rule to sustain the authority of the deputy in this case.

Upon the whole record, I think there is no material error. But the judgment as rendered by the court is a personal one.

This is erroneous, and it will therefore be reversed, and a special judgment against the property will be rendered in this court.

Judges Napton and Adams concur, Judge Vories did not sit, and Judge Sherwood absent.