THE STATE *ex rel.* HALL, *Collector*, v. COWGILL *et al., Appellants.*

**Taxes:** PETITION: DESCRIPTION. Where land, against which the lien for taxes is sought to be enforced, is specifically described in the petition and tax bill, and the tax bill and other evidence identify it, so there can be no mistake, the judgment of the court finding the tax to be due on such land, will be affirmed.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED

*Harding & Buler* for appellants.

The tax bill was clearly void for uncertainty in the description. *City of Jefferson v. Whipple*, 71 Mo. 519. And the trustee's deed upon which the court seems to have predicated its finding, could only tend to worse confusion. The deed calls for twenty-five acres, while the petition calls for twenty-seven. For aught that appears, Butler and Gilbert may still own the land on which these taxes were assessed, and the circuit court is not county assessor.

*A. G. Williams* for respondent

EWING, C.—This was a proceeding under the statute to recover back taxes on certain real estate in Jasper county, in which the plaintiff claims, and by this suit seeks to enforce a lien against "twenty-seven acres, part southwest quarter, northeast quarter, part southeast quarter, northeast quarter section 21, township 29, range 32, for 1877, and twenty-seven acres, part southwest quarter, northeast quarter, part southeast quarter, northeast quarter, section 21, township 29, range 32, 1878. The above land of twenty-seven acres being more particularly known as the Cowgill and West mill property, being the same land conveyed to defendants by Eugene O'Keefe, by trustee's deed dated January 21st, 1878, and recorded in deed-book 45, pages 477, 478, 479, in recorder's office of Jasper county, Missouri."

To sustain the issues on its part, the plaintiff offered in evidence a tax bill, signed by W. E. Hall, collector of the revenue, within and for Jasper county, and State of Missouri, and which reads as follows;

STATE OF MISSOURI, ⎱ ss.
 County of Jasper. ⎰

I, W. E. Hall, collector of the revenue, in and for the county of Jasper, in the State of Missouri, do hereby certify that the following amounts of back taxes remain delinquent in favor of the several funds for the several years, and upon the real estate lying, and being situate in said county and State, set opposite thereto, to-wit: Name of owner, Albert G. Cowgill, Isaiah M. West; acres 27, part southwest quarter, southeast quarter, section 21, township 29, range 32; part southeast quarter, northeast quarter, section 21, township 29, range 32, 1877 and part" (here repeating this description for the year 1878 and extending the several sums for the different taxes). " In witness whereof I have hereunto set my hand at the town of Carthage, in said county and State, this 20th day of January, 1880.

W. E. HALL,
Collector revenue in and for Jasper county, Mo."

To the introduction of which defendant objected for vague and indefinite description, and for showing on its face there was no valid assessment. Plaintiff then offered in evidence the deed from O'Keefe, mentioned specifically in the petition, in which the land above described, appears fully described by minute metes and bounds with courses and distances set out, containing " twenty-five acres more or less." This deed was objected to as irrelevant, and not tending to prove any of the issues in the case. It was admitted that the land was assessed to Butler and Gilbert for the years sued for under the description as contained in the tax bill. This was all the evidence in the case. The court found for the plaintiff.

The case does not come within the scope of the *City of Jefferson v. Whipple,* 71 Mo. 520. In that case the only description in the petition was " part of in lot No. 331 on the plat of said city." There was no other allegation as to description setting out the specific part of the lot by metes and bounds, courses, distances and quantity. There was no

other evidence offered than the tax bill itself; nor indeed could there have been in that case, because the allegations in the petition would not permit it. But here a specific description is set out in the petition. The part of the land on which the lien is sought to be enforced was fully described and bounded, so that there could be no mistake. The judgment of the court finds the tax to be due on the specific part set out in the petition and tax bill, and described in the decree, and finds the defendants to be the owners of the land taxed. Let the judgment be affirmed. All concur.