JOHN VAUGHN, Respondent, v. PETER FISHER, Appellant.

Kansas City Court of Appeals, July 2, 1888.

1. **Trespass :** SALE OF PROPERTY UNDER ATTACHMENT BELONGING TO ANOTHER THAN DEFENDANT : ORDER OF SALE. Although the circuit court may under our statutes (R. S., secs. 424 and 425) of its own motion order the sale of attached property, and the power thus confided is for the benefit of both parties to the suit in attachment ; still the order of sale is in nowise for the benefit of the owner of property which has been wrongfully seized as that of the defendant in the attachment, and it must be necessarily based upon a valid levy or it will furnish no protection to the officer, and after the owner makes his claim, the officer proceeds at his peril.

2. ———— : LIABILITY OF OFFICER IN : ONE RECEIVING BENEFIT OF. The person who agrees to a trespass after it is done, where it is done to his benefit, or for his use, is a trespasser *ab initio*. His subsequent agreement is equivalent to a previous command. And this rule applies to the case of an official trespasser. The trespass may be adopted or agreed to in express terms, but this is not necessary.

3. ———— : ———— : AUTHORITY OF ATTORNEY IN ASKING FOR ORDER OF SALE : LIABILITY FOR ATTORNEY'S ACT : CASE ADJUDGED. No special direction by the defendant to his attorney was necessary to make the defendant liable for his attorney's act in procuring the order of sale in this case. Under his general employment, the attorney, in procuring it, was acting as the authorized agent of defendant, and bound the defendant.

4. ———— : CASE ADJUDGED : MEASURE OF DAMAGES. Under the facts in this case, the sheriff, in selling the property in controversy, was guilty of a conversion ; and defendant was equally guilty of conversion by the act of his authorized attorney, and the liability is to the extent of the value of the property at the time of the conversion.

*Appeal from Clinton Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

The case is stated in the opinion.

*Thos. E. Turney*, for the appellant.

(1)  Defendant's instruction numbered one should have been given.  Not a single allegation in the petition constituting a cause of action against the defendant had been proved.  *Waldhier v. Railroad*, 71 Mo. 514; *Carson v. Cummings*, 69 Mo. 325; *Russell v. McCartney*, 21 Mo. App. 544; *McCray v. Lowry*, 25 Mo. App. 247; R. S., secs. 3511, 3586.  (2)  The court erred in excluding the testimony of Peter Fisher.  The attaching creditor is not liable for the act of the officer unless he has in some manner interfered, or, unless after knowledge of the illegal act of the officer he approves, ratifies or adopts it.  The testimony went to the very heart of the issue made by the pleadings.  Drake on Attachment, [2 Ed.] sec. 196; *Lovejoy v. Murray*, 3 Wall. 9. (3)  The defendant's instructions numbered two and three should have been given.  The order of sale was admissible in evidence only as going to show that the defendant adopted the act of the officer in levying upon the property of John Vaughn.  But until he or his attorney knew that it was claimed that the property of John Vaughn had been levied on, there could be no adoption of the officer's act.  *Dameron v. Williams*, 7 Mo. 138; *Perrin v. Claflin*, 11 Mo. 13; *McNeely v. Hunton*, 30 Mo. 332; *Welch v. Cochran*, 63 N. Y. 181; *Lovejoy v. Murray*, 3 Wall. 1–9; Freeman on Executions, sec. 273; Drake on Attachments [2 Ed.] sec. 199.  (4) The defendant's fourth and fifth instructions should have been given.  Under the uncontroverted facts there could be no recovery against the officer making the levy; and if not against the officer there can be none under the petition in this case against the defendant.  *Tufts v. McClintock*, 28 Maine, 428; *Lewis v. Whittemore*, 5 N. H. 364; *Shumway v. Rutter*, 8 Pick. 443.  (5) The court erred in giving the instructions prayed by the plaintiff.  *Oeter v. Aehle*, 31 Mo. 380; R. S., secs. 424, 425.

*Roland Hughes* and *J. F. Harwood*, for the respondent.

(1) The petition is good after verdict. R. S., sec. 3582. (2) It is admitted that the defendant, by his attorney, went into court and procured an order to sell all the property attached, no matter to whom it belonged. This was a ratification of the act of the officer in making the levy. *Patterson v. Fole*, 25 N. W. Rep. 677. (3) It will not be denied that had Fisher directed the officer to sell the property under an execution he would be liable. *McNeeley v. Hunton*, 30 Mo. 332. (4) The order to sell had the same force as an execution. *Belkin v. Hill*, 53 Mo. 492. This was an execution sale. Plaintiff in execution gave the officer an indemnifying bond. Belkin sued the officer and the plaintiff in the execution in trespass, ignoring the bond. The court held that plaintiff, by giving the bond, ratified acts of officer. *Perrin v. Claflin*, 11 Mo. 13. The court say: "One who procures an order to be entered which directed the sale of the property and the execution to be issued, upon which it was sold, is responsible for its sale, and by these acts ratifies the act of the officer in levying the attachment."

*Thos. E. Turney*, in reply.

(1) The respondent seems to misapprehend the first point made in appellant's brief. There is no objection to respondent's petition. It was and is conceded that the petition sufficiently states a cause of action against appellant. The point made was that the cause of action alleged was not proved. The petition charges that the defendant, by his servants and agents, on the twenty-ninth day of December, 1884, wrongfully took thirty acres of corn and forty hogs, the property of plaintiff, from plaintiff's possession and converted them to his own use. Not one of these allegations was proved; and the defendant offered to disprove them in their

entire scope and meaning, but was not permitted to do
so. This, it is insisted, is somewhat worse than an
entire failure of proof. The instruction prayed by the
respondent and given by the court ignores entirely the
issues made by the pleadings, and authorizes a recovery
upon matters not in issue ; and for that reason not con-
tested on the trial. If such a proceeding is sustained,
then, in justice to litigants, the law requiring formal
pleadings should be repealed. (2) The respondent says
that the evidence was not demurred to. If it is meant
by this that no objection was made to the introduction
in evidence of the order of sale, I have only this to say :
This evidence was not objected to because it was sup-
posed that it would be followed by some evidence that
appellant or his attorney knew that John Vaughn
claimed to own part of the property. It was no more
objectionable than all the evidence that preceded it.
In the absence of such evidence of knowledge, this order
amounted to nothing, as all the other evidence amounted
to nothing. No more and no less. (3) It is not
admitted that ''defendant, by his attorney, went into
court and procured an order to sell all the property
attached, no matter to whom it belonged.'' (4) If it is
claimed that the order read in evidence affords conclu-
sive evidence of a ratification by appellant of an illegal
act of the officer, notwithstanding appellant conclu-
sively proves that he did not know that an illegal act
had been committed, then a meaning is claimed for the
word different from any heretofore given it by lexicog-
raphers ; different, too, from any that can be found in
our decisions. (5) It is denied that Fisher would be
liable if he had an execution issued against a named
defendant, and the officer without Fisher's instructions
and without Fisher's knowledge had levied upon the
goods of a stranger. It is admitted that Fisher would
be liable if in the case named he had taken upon. him-
self the duties of the officer and directed him to levy
upon the stranger's property ; or, if after knowledge
that he had levied upon the stranger's property he had

done any act which would obstruct the stranger's efforts to recover it. In other words it is denied that the officer is the agent of the plaintiff in a writ of attachment or execution. It is admitted that he may make him such, and himself liable as a co-trespasser with the officer, but it is claimed that he cannot do so involuntarily and while ignorant of the fact that it is claimed that the officer has exceeded the commands of the writ. These questions, however, will properly come before this and the trial court when the pleadings put them in issue. Just now we are defending a suit in which it is alleged that the defendant, by his servants and agents, took the plaintiff's property, from the plaintiff's possession, and converted it to his own use.

HALL, J.—This was on an action for the conversion of certain personal property of the plaintiff.

The defendant, in October, 1884, instituted an attachment suit against Joseph Vaughn. Under the writ of attachment the sheriff levied on the property in controversy, which, as all the evidence shows, was the plaintiff's property. It is claimed by defendant that the property was apparently in the possession of Joseph Vaughn, and was so commingled with other similar property of Joseph Vaughn as to be subject to levy under the writ of attachment without notice by the plaintiff of his ownership, and identification by him of his particular property.

The plaintiff gave no such notice to the sheriff making the levy, either at the time of the levy or afterwards. The sheriff's term of office expired while the property was still in his custody, and the property was taken possession of by his successor in office.

Afterwards the circuit court on motion of the defendant's counsel (the defendant being plaintiff in the attachment suit) made the following order:

"Now at this day, December 10, 1884, comes the plaintiff herein by his attorney and informs the court

that in this action, by virtue of a writ of attachment issued out of the office of the clerk of this court, the sheriff has seized and levied upon certain horses, cattle and hogs, and also upon corn and other farm products, that the keeping of said live stock is attended with great expense and that the crops seized and levied upon are liable to great waste and loss, and moves the court to grant an order to the sheriff to sell the same, and the court being fully advised in the premises sustains the motion, wherefore it is ordered by the court that the sheriff of Clinton county sell according to law said attached property, to-wit: Five head of horses, one hundred and twenty head of hogs, and any and all farm products seized and levied upon that are liable to waste or loss and report all his proceedings hereunder to the next term of this court.''

Under this order the sheriff proceeded to sell all the property attached, including the property involved in this suit. But before the sale the plaintiff made a claim to the sheriff for his property.

The defendant's counsel make the point, that the petition alleges a wrongful taking and conversion by the defendant and that the proof shows such acts committed by others, on account of which the defendant can be held responsible only on the ground of ratification; and that, hence, there is in this case, not a mere variance, but a failure of proof.

The defendant is not in a position to urge this point, for the reason that he himself asked instructions based on the theory of ratification. The difference between the court and defendant was not on account of the claim by the latter that the plaintiff could not recover on the theory of ratification by him of the acts of the sheriff and his successor in office, but was as to what was necessary to constitute ratification by the defendant of those acts. The case must be considered by us on the same theory as that on which it was presented to the circuit court.

If the property in suit was so intermixed with the

property of the defendant in the attachment, as is contended by the defendant here, then, since there was no notice given to the officer making the levy of the plaintiff's claim, that officer could not be treated as a trespasser for making the levy and taking the property ; but the sheriff's successor could have been held liable for a conversion of the property, because he sold it after notice of the plaintiff's claim. Drake on Attachment, sec. 199.

The court instructed the jury to find, in the event of a verdict for plaintiff, the value of the property on the day of the sale by the sheriff. The question for our determination, therefore, is, is the defendant in this case under the facts equally responsible in law for the sale of the property with the officer who made the sale ?

The only fact on which the defendant can be held responsible for the sale, is the filing of the motion in the circuit court by his attorney asking for the sale of the property. The defendant did not give his attorney directions to file such motion, and until after the sale the defendant did not have personally any notice of the plaintiff's claim.

I. First, therefore, had the defendant, with notice of the plaintiff's claim, directed the filing of the motion for the sale of the property, could he have been held responsible for that sale ?

It is true that the court could, under our statutes (R. S., secs. 424, 425), of its own motion have ordered the sale of the property attached, and that the power thus confided to the court is for the benefit of both parties to the suit of attachment, debtor as well as creditor, and that the writ issued by the court is not at all in the nature of a writ of execution, subject to the control of the plaintiff or his attorney. *Oeters v. Aehle*, 81 Mo. 383. But the order of sale is in no wise for the benefit of the owner of property which has been wrongfully seized as that of the defendant in the attachment ; and it must be necessarily based upon a valid levy.

The order of sale and the writ issued in pursuance of it furnish no more protection than do a judgment and execution to an officer for selling the property of a stranger that has been taken by him as that of the defendant. In either case after the owner makes his claim the officer proceeds to sell at his peril.

We have thus explained the liability of the officer in order to make clear the equal liability of the defendant here, if he, with notice of the plaintiff's claim, had asked the court to make the order of sale. Because the rule on this subject is, "that the person who agrees to a trespass after it is done, where it is done to his benefit or for his use, is a trespasser *ab initio*. His subsequent agreement is equivalent to a previous command." *Perrin v. Claflin*, 11 Mo. 14. This rule applies to the case of an official trespasser. *Id*. The rule is based upon the principle that, by directing the trespass or agreeing to it as committed, the person for whose use it is committed appoints or accepts, as the case may be, the trespasser as his agent to that extent, and becomes a principal in the trespass.

The trespass may be adopted or agreed to in express terms, but this is not necessary. The plaintiff in an attachment, by directing the continued holding of the property seized under the writ, by attending and bidding at the sale, or by receiving and retaining the proceeds of the sale, furnishes facts from which his adoption of the seizure by the officer may be inferred. Freeman on Ex., sec. 273. The fact that the plaintiff procures an order directing the sale of the property has the same effect. *Peterson v. Fole*, 25 N. W. Rep. 677.

By procuring the order of sale with notice of the plaintiff's claim the defendant here, who was the plaintiff in the attachment, would have made the sheriff his agent in selling the property ; the sheriff's act in making the sale would have been his act, the sheriff's conversion his conversion.

II. And since the defendant, by procuring the order of sale, would have made the sheriff his agent in

making the sale, what does it matter whether or not the defendant had notice of the plaintiff's claim at the time the order was procured, under the facts of this case ? The sheriff, before making the sale, received notice of plaintiff's claim, and since he was acting as the defendant's agent, notice to him was notice to the defendant. Had the defendant in the first place directed the sheriff o seize the property, notice to the sheriff would have been notice to the defendant, and. so where the defendant procured an order directing the sale of the property.

III. No special direction by the defendant to his attorney was necessary to make the defendant liable for the attorney's act in procuring the order of sale. Under his general employment the attorney, in procuring the order of sale, was acting as the authorized agent of the defendant, and bound the defendant. Had the defendant's attorney directed the sheriff to levy on the property, the defendant would have been bound by the direction as if he had given it in person. *Perrin v. Claflin, supra.* In making the motion for the sale of the property the defendant's attorney was acting strictly within the limit of his authority as such attorney.

Under the facts in this case the sheriff, in selling the property in controversy, was guilty of a conversion, and, since this sale was procured by defendant through his duly authorized attorney, the defendant was equally guilty of a conversion of the property. The court properly held that the defendant was liable to the extent of the value of the property at the time of the conversion.

Judgment affirmed. All concur.