PAULINE FRANKE, Appellant, v. EBY, DAVIS & CO.,
Respondents.

Kansas City Court of Appeals, June 13, 1892.

1. **Sales:** ATTACHMENT: CUSTODIA LEGIS. Sales of perishable property
made under the statutes are not sales made by the parties or the
sheriff, but by the court, and the proceeds take the place of property,
become its substitute and remain in the custody of the court for the
party entitled thereto.

2. **Trespass:** RETURN OF PROPERTY: MITIGATION OF DAMAGES: BAR.
In an action of trespass, the return and acceptance of the goods does
not defeat the action, but only goes in mitigation of damages, and the
acceptance of the proceeds of sale of attached property will not bar
a suit in trespass.

3. **Remedies:** ELECTION: ATTACHED GOODS. The doctrine of election
is based on full freedom of choice, and, if such freedom does not exist,
the rule ought not to be applied, and in cases of sales of attached
property the privilege to elect is not complete.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED AND REMANDED.

*Boland & Elliott,* for appellant.

(1) That the statutory interplea in attachment suits in this state, when successfully prosecuted, is not a bar to the interpleader's recovery of damages for the trespass in the wrongful taking, has been judicially determined in the following cases: *Perrin v. Claflin,* 11 Mo. 13; *Clark v. Brott,* 71 Mo. 473. (2) That the cited adjudications of this state are in point and are supported by general authorities and fundamental principles, is shown by the following citations: R. S. 1889, sec. 572; *Hewson v. Tootle,* 72 Mo. 632; *Stevens v. Springer,* 23 Mo. App. 375; *Kuppendorf v. Hyde,* 110 U. S. Sup. Ct. 276. (3) By the common-law proceedings in replevin, trover or trespass, all the items of damage for the taking, detention, depreciation, destruction of business, loss by forced sale, etc., as well as ownership or right to possession of property, can be adjudicated, so an action by one of these remedies generally bars the others; but the proceeding on the statutory interplea in attachment cannot do so, because it is limited in its scope, must be strictly construed, and the statute providing this remedy does not repeal the common-law remedies for such an injury. *State ex rel. v. McBride,* 81 Mo. 349; 2 Black on Judgments, 894; Wells on Replevin, sec. 44, note 2. (4) The measure of damage in this case is the amount of the appellant's secured debt and interest not exceeding the value of the goods. If the goods attached had been preserved intact until the determination of appellant's interplea, and had been returned to her in satisfaction of the

judgment on such interplea, this could only go in mitigation, and not in satisfaction of appellant's damages, unless the value of goods returned amounted to plaintiff's debt and interest. In this case about one-fourth of the value of the goods is turned over to appellant, which is less than one-half of the amount of her damage, as shown by the petition. *Hausmann v. Hope,* 20 Mo. App. 198; *Ward v. Moffett,* 38 Mo. App. 395; *Gilbert & Miller v. Peck,* 43 Mo. App. 577; *Easton v. Woods,* 1 Mo. 506; *Walker v. Borland,* 21 Mo. 289; *Watson v. Harmon,* 85 Mo. 443; *Levy v. Sheehan,* 23 Pac. Rep. 802; Drake on Attachment [6 Ed.] secs. 179*a,* 180, 196; *Oeters v. Aehle,* 31 Mo. 383; *Young v. Kellar,* 45 Mo. 592, 600; *Hammerslough v. Cheatham,* 84 Mo. 13; 1 American & English Encyclopedia of Law, pp. 429, 430, 443; Cobbey on Replevin, sec. 1382; Waterman on Trespass, sec. 445; Sedgwick on Damages [6 Ed.] pp. 602, 613; 1 Sutherland on Damages, pp. 174, 239, 240; 5 American & English Encyclopedia of Law, p. 39, and citations.

*Gage, Ladd & Small,* for respondents.

(1) The plaintiff, having been in possession of said goods as a mortgagee, would not be entitled to recover anything for the loss of the business which was broken up by the attachment. The only right which the plaintiff could possibly have acquired under her mortgage was the right to sell out the goods and stop the business. (2) After the seizure and sale of the goods, the plaintiff had two courses or causes of action against the defendants. She could have sued the defendants in trespass, or trover, and recovered the value of the property; or she could have waived the tort and recovered from the defendants in an action for money had and received—the amount for which the

goods were sold. But having demanded and voluntarily received all proceeds for which the goods were sold—the exact measure of her compensation in an action for money had and received—she was bound by her election, and could not afterwards sue the defendants in trover or trespass. 6 American & English Encyclopedia of Law, tit. elections, p. 247–254; Herman on Estoppel, tit. election, secs. 1040, 1041, 1051; *Nanson v. Jacob*, 93 Mo. 331, and cases cited; *Gordon v. Bruner*, 49 Mo. 570; *Terry v. Munger*, 24 N. E. Rep. 272; *Smith v. Baker*, L. R. 8 C. P. 350; *Smith v. Hodson*, 2 Smith Lead. Cases, p. 201.

ELLISON, J.—Plaintiff was mortgagee and in possession of certain property seized in a suit by attachment instituted by defendants against a third party. The goods were sold pending the attachment, by order of court, under the attachment law, as being perishable. Plaintiff filed her interplea claiming the goods as her property. She was successful and received of the sheriff the proceeds of the sale. She thereupon instituted this action for damages, claiming that by reason of the attachment and sale she lost $1,493 of her mortgage lien. A demurrer was interposed to the petition showing the foregoing facts on the ground that it stated no cause of action. The demurrer was sustained, and plaintiff appeals.

The defendants contend that when plaintiff received the proceeds of the sale she waived her right to anything further; that she elected to treat the money in the hands of the sheriff as money had and received for her use; that, in accepting the proceeds of the property, she waived the tort; that, therefore, the demurrer was properly sustained. The law is unquestionably as stated in an authority cited by defendants' counsel, viz.: Where one has wrongfully obtained money of another, or has converted his property into

money, or money's worth, the latter may waive the tort and sue on the implied contract to pay over the money, and that, when he makes his election, he is bound by his choice of remedies. The important question is whether this principle of law is applicable to this case. In an action of trespass, the return and acceptance of the goods does not defeat the action, it only goes in mitigation of damages. So in this case, if the property had remained in specie, the mere acceptance of the property by the interpleader would not have barred her action for the trespass, though it would have mitigated the damages. That the action is not barred, is established by the cases of *Perrin v. Claflin*, 11 Mo. 13, and *Clark v. Brott*, 71 Mo. 475. Will, therefore, the acceptance of the proceeds bar the action? It seems to me that a correct disposition of the question depends on the nature or status of the money realized on the sale ordered by the court. Such sales are not made by the parties, neither are they, properly speaking, made by the sheriff, they are made by the court; they may be likened to sales in admiralty, or to statutory sales of estrays, boats, stolen property, property uncalled for in the possession of common carriers, etc. *Young v. Kellar*, 94 Mo. 581. The proceeds of the sale take the place of the property—merely changes its form (*Oeters v. Aehle*, 31 Mo. 380); it is merely a substitute, and as in the foregoing classes of property the money remains in custody for the party who may ultimately show his right thereto.

It is true that if A wrongfully sell B's property B may sue for the tort or replevy the property, or waive the tort and sue for the money which A received for the property, in which latter instance he ratifies the sale. He makes his election of remedies. But, in case of sale of property attached by order of court, the purchaser's title is good against the world, notwith-

standing the property did not belong to the defendant in the attachment (*Young v. Kellar, supra,*) and the privilege of the true owner to elect his remedy is not complete, for he cannot elect to replevy or take back the property. The doctrine of election is based on full freedom of choice, and if such freedom does not exist the rule ought not to be applied.

Again, the sale of B's property by A was directly antagonistic to B's right, which right B could waive by ratifying the sale and accepting the proceeds. But a sale of perishable property by order of court in an attachment proceeding is not antagonistic to, or in subversion of, the true owner's right. It is rather in recognition of such right, for it reserves to him that which would otherwise perish. See authorities cited in *Young v. Kellar, supra.* We think, therefore, that the acceptance of the proceeds of sale of attached property will not bar a suit in trespass, and our conclusion is that the demurrer ought not to have been sustained. The money stands for the property, and if it be less than the value of the property the difference is damage to the owner. The cases of sales in admiralty cited to us, we deem inapplicable. Counsel have not cited us to a case which decides the question here reviewed. In neither of the cases of *Perrin v. Claflin,* 11 Mo. 113, and *Clark v. Brott,* 71 Mo. 475, was the proceeds of the sale of the goods received. Neither was the question decided in *Taylor v. Hines,* 31 Mo. App. 622. In that case a portion of the proceeds of the sale had been applied to the costs or otherwise wasted thereby, to that extent destroying the mortgagee interpleader's security; and the action was to recover that portion of the proceeds so wasted or applied.

Judgment reversed and cause remanded. All concur.