SAMUEL TOOVEY, Appellant, v. R. C. BAXTER, Respondent.

Kansas City Court of Appeals, November 19, 1894.

1. **Attachment:** ESTOPPEL: PURCHASE OF ATTACHED GOODS. Goods attached become *in custodia legis*, and, when ordered sold during the pendency of the suit, are sold not as the property of the defendant, but as property in the hands of the court to be transformed into money, and the purchaser at such sale does not recognize or affirm the title of anyone, but merely obtains a title founded upon the order of the court which is a good title though the defendant had no title; and no estoppel can raise upon the act of purchasing at such sale.

2. **Appellate Practice:** PARTIES. An advantage of a defect of parties can not be taken for the first time in an appellate court. The objection should have been entered during the progress of the trial.

3. **Witnesses:** HUSBAND AND WIFE. The wife may testify as far as her interest is concerned though her husband is a party to the cause and may be benefited by her testimony.

4. ———: DIVORCED WIFE. A divorced wife of a party is not disqualified as a witness, except as to communications while the marital relation existed.

*Appeal from the Mercer Circuit Court.*—Hon. Paris C. Stepp, Judge.

Affirmed.

*C. W. Bolster, M. F. Robinson* and *H. J. Alley* for appellant.

(1) The testimony of witness Mrs. Crofford was incompetent. She was the wife of defendant J. W. Crofford. There was no competent testimony to show any divorce. Even if divorced she was not a competent witness as to any transactions occuring before such divorce. (2) The testimony of the witness Mrs. Baxter was incompetent. She was the wife of interpleader R. C. Baxter. She was not a party to the suit. She could not make herself a party by testifying that she was a partner in the firm. The issues are made by the pleadings. The interplea does not make her a party. She could not be made a party by instruction as was attempted by instruction number 4 on the part of interpleader. (3) Instruction number 1 on the part of interpleader should not have been given. It instructs the jury that the purchase of interpleader Baxter of the goods at the sheriff's sale did not estop him from claiming an interest in the proceeds of that sale. His act of purchase was a waiver of any rights he might have had prior. See Bigelow on Estoppel [5 Ed.], pp. 673, 684, 717, and authorities therein cited.

*Ira B. Hyde* and *Sallee & Goodman* for respondent.

(1) It is contended by appellant that respondent is estopped from claiming the goods named in his interplea, because at the sale of the goods under writ

of attachment he was a bidder and became the purchaser; and Bigelow on Estoppel, fifth edition, pages 673, 684 and 717, is cited as sustaining this contention. The interplea states a cause of action, because the accounts must be settled between the partners and all partnership debts must be paid, and all advances made by any partner must be adjusted and settled before any creditor of an individual member of the firm can recover anything in satisfaction of his claim. *Priest v. Chouteau*, 85 Mo. 398, *loc. cit.* 406; *Deeckmann v. City of St. Louis et al.*, 9 Mo. App. 9; *Carlisle's Administrator v. Mulhern & Keyser*, 19 Mo. 56; 17 Am. and Eng. Encyclopedia of Law, pp. 1336, 1337; *Ross v. Carson*, 32 Mo. App. 148. Just how interpleader is estopped does not appear. One is not estopped in every instance to deny the debtor's title because he was a bidder or purchaser at the sale under process. It is only where one derives a title through a bid or purchase and sells the goods to a third party that he is estopped to deny the execution debtor's title. In other words, he must have participated in the proceeds of the sale. *Gilkison v. Knight*, 71 Mo. 403. Baxter does not claim through the sale, but as owner of the goods by another title. The facts alleged in appellant's answer to interplea do not constitute an estoppel. No man can set up another's act or conduct as the ground of an estoppel, unless he has himself been misled or deceived by such act or conduct. *Boles v. Perry*, 51 Mo. 449; *Spurlock v. Sproule*, 72 Mo. 503; *Acton v. Dooley*, 74 Mo. 63; *Rogers v. Marsh*, 73 Mo. 64; *Notle v. Blount*, 77 Mo. 235. (2) Objection is made, that, though Mrs. R. C. Baxter, wife of interpleader, had the same interest in the attached property as her husband, yet she was not competent to testify in the case. As to her interest he was a naked trustee, and though the interplea was filed in his name only, yet as

to her own interest Mrs. Baxter was a substantial party. This being the case, the following decisions of our supreme court fully sustain the trial court in admitting her testimony. *Tingley v. Cowgill*, 48 Mo. 291; *Fugate. et al. v. Pierce*, 49 Mo. 441; *Owen v. Brockschmidt*, 54 Mo. 285; *Wilcox v. Todd*, 64 Mo. 388; *Harriman v. Stowe*, 57 Mo. 393; *Jennings v. Miles*, 3 Mo. App. 569; *Quade v. Fisher*, 63 Mo. 325; *Evers v. Life Ass'n*, 59 Mo. 420. (3) Appellant further contends that the court erred in admitting the testimony of Sarah Crofford, the divorced wife of defendant J. W. Crofford, as to the transactions occurring prior to the divorce. The contest is between the attaching creditor and the interpleader. The defendant in the attachment is not a party to the proceeding. If he were a party, his interest would be adverse to the interpleader. *Burgert v. Birchert*, 59 Mo. 80. The appellant's counsel, from our standpoint, labor under a misconception as to the nature of the action and the parties in interest. *State ex rel. v. Barker*, 26 Mo. App. 487. Her husband is a stranger to the issue, and had no legal interest whatever in the result. Again, the statute (R. S. 1889, sec. 8922) only prohibits her, while the relation exists or subsequently, from testifying "to admissions or conversations of her husband," but does not prohibit her from testifying to physical facts, such as the writing of a letter, the making of an entry in a book, or the execution of a note. These transactions explain themselves.

ELLISON, J.—Plaintiff began a suit by attachment against one J. W. Crofford, and had the writ levied upon a stock of merchandise. This stock was afterwards, during the pendency of the suit, sold by order of the court as being perishable property. R. C. Bax-

ter purchased the goods at this sale.    Afterwards he
filed a bill in the cause, styled by the parties as an
interplea, in which it is set up that the debt sued for
was the individual debt of Crofford, and that the prop-
erty attached as Crofford's was, in fact, the partner-
ship property of himself and Crofford.    That the
partnership was indebted to various partnership credi-
tors in amounts stated, and prays the court to order
the money distributed to the partnership creditors first
and that one-half of the balance be paid over to him.
There was an answer filed to this bill in which there
was, in addition to a general denial, a plea of estoppel
against the interpleader, in that since he had purchased
the goods at the sale aforesaid, he should not be
allowed to claim any of the proceeds of the sale.    The
theory of the answer being that by purchasing at the
sale, interpleader had recognized the goods as being
the individual property of Crofford, the defendant in
the attachment.

The principle upon which plaintiff relies as to
estoppel does not apply to the facts of this case.    The
goods, when attached, became *in custodia legis*, and
and when ordered to be sold by the court during the
pendency of the suit, were not sold as the property of
defendant or anyone else, but as property in the hands
of the court which the court wished to be transformed
into money, the money taking the place of the prop-
erty.    The property is not sold as the property of any-
one; and a purchaser at such sale does not recognize
or affirm the title of anyone.    He merely obtains a
title founded upon the order of court which, having the
property in possession and having jurisdiction, orders
it sold, thereby conveying a good title to the purchaser,
even though the defendant in the attachment had no
title.    In such purchase merely, there is no act of the
purchaser at a sale of the peculiar nature of this upon

which an estoppel can rest. *Franke v. Eby*, 50 Mo.
App. 579. Interpleader does not claim through any
title of the defendant in the attachment suit, and con-
sequently the principle invoked by plaintiff is inappli-
cable. *Gilkinson v. Knight*, 71 Mo. 406.

It seems that the evidence disclosed that inter-
pleader's wife had also an interest in the goods
attached, which was managed by interpleader, as her
agent, the interplea being in his name only, and objec-
tion is now taken based on this ground. The objection
is out of time. For any defect of parties, objection
should have been entered during the progress of the
trial. The objection here made to instructions given
for interpleader do not raise such question.

Objection is taken to the action of the court in
permitting interpleader's wife to testify as a witness.
The objection was properly overruled. Under section
8918, Revised Statutes, 1889, no one is disqualified as
a witness by reason of being interested as a party or
otherwise. This would enable Mrs. Baxter to testify,
so far as her being interested is concerned. The fact
that her testimony also inured to the benefit of her hus-
band will not render it incompetent. *Steffen v. Bauer*,
70 Mo. 399. See, also, as to the competency of the wife,
*Tingley v. Cowgill*, 48 Mo. 291; *Fugate v. Pierce*, 49
Mo. 441; *Owen v. Brockschmidt*, 54 Mo. 285; *Wilcox v.
Todd*, 64 Mo. 388; *Harriman v. Stowe*, 57 Mo. 393.

Objection was made to the competency of Mrs.
Crofford as a witness on the ground that she, though
divorced at the time of the trial, was formerly the wife
of Crofford, the defendant in the attachment. The
court ruled that she was competent, except as to any
communications between herself and defendant while
the marital relations existed. We think this ruling
was correct. We can discover no reason why a woman
who has formerly been the wife of one of the parties

to a cause should be disqualified as a witness with the exception stated by the court in the ruling made.

A careful examination of the record has satisfied us that there was no error committed by the court materially affecting the merits of the action, and we must, therefore, affirm the judgment. R. S. 1889, sec. 2303. All concur.