MAX CARP et al., Appellants, v. M. ITZKOWITZ et al., Defendants; THE COMMERCIAL BANK OF ST. LOUIS, Interpleader, Respondent.

St. Louis Court of Appeals, December 27, 1898.

Legal Question. B. is the owner of property seized under an attachment as the property of I. The property is sold under an order of court and the proceeds held under the attachment. Subsequent to the sale B. assigned the proceeds to C. Can C. interplead for them? Answer: As the sale merely changed the form of the property (the proceeds of the sale taking the place of the property), the assignment of the proceeds to the respondent was an assignment or sale *pro tanto* of the goods themselves, and the trial court correctly held that the respondent was entitled to the proceeds of the sale.

*Appeal from the St. Louis City Circuit Court.*—HON. HORATIO D. WOOD, Judge.

AFFIRMED.

JOHNSON, HOUTS & MARLATT for appellants.

An interplea in attachment proceedings is purely statutory, must be governed entirely by the statute, and is to be strictly construed. Grocer Co. v. Goetz, 57 Mo. App. 8–10; State ex rel. v. Barker, 26 Mo. App. 487–491; Bank v. Tracy, 141 Mo. 252–261; Smith v. Haworth, 53 Mo. 88, 89. The statutory interplea in attachments is an action of replevin grafted upon the suit by attachment, and will not lie where replevin will not. Its very office and purpose are to determine the question of ownership of the specific chattel. It is an action *in rem*, a possessory action. This case is not an action *in rem* at all. R. S. 1889, sec. 572; Burgert v. Borchert, 59 Mo. 80–85; Manufacturing Co. v. Bean, 20 Mo. App. 111; State ex rel. v. Barker, 26 Mo. App. 487–491; Distilling Co. v. Hubbard, 53 Mo. App. 23; Spooner v. Ross, 24 Mo. App. 599. The only question on trial of interplea is whether interpleader had any property or interest, general or special, in the property levied upon. The interpleader here does not even claim any interest in the property levied upon. R. S. 1889, sec. 572; Mills v. Thompson, 61 Mo. 415; Hewson v. Tuttle, 72 Mo. 632; Nolan v. Deutsch, 23 Mo. App. 1; Kirschenschlager v. Armitage Herschel Co., 58 Mo. App. 165; Grocer Co. v. Goetz, 57 Mo. App. 8–10; Williams v. Braden, 57 Mo. App. 317–319.

SALE & SALE for respondent.

The statute gives to anyone claiming money held under an attachment the right to interplead for it. R. S. Mo. 1889, sec. 572; Nelson Distilling Co. v. Hubbard, 53 Mo. App. 23; Franke v. Eby, Davis & Co.,

50 Mo. App. 579; see, also, Young v. Kellar, 94 Mo. 581. An interplea which sets up title in interpleader to the property or money held under an attachment is sufficient. The issue involved in an interplea is that of title to the property or money interpleaded for. Kirschenschlager v. Armitage, Herschel Co., 58 Mo. App. 165; Nolan v. Deutsch, 23 Mo. App. 1; Newsom v. Tootle, 72 Mo. 632; Mills v. Thompson, 61 Mo. 415; Grocer Co. v. Goetz, 57 Mo. App. 8.

BIGGS, J.—This record presents a single legal question, which is this: B. is the owner of property seized under an attachment as the property of I. The property is sold under an order of court and the proceeds held under the attachment. Subsequent to the sale B. assigned the proceeds to C.; can C. interplead for them?

There is no dispute as to the facts. On the eighth day of April, 1897, the plaintiff herein sued the firm of Itzkowitz and Shapan by attachment. On the tenth of April, 1897, a stock of goods were levied on under the writ of attachment as the property of the firm. At the time of the levy the goods were in the possession of Marcus A. Brown, who claimed to own them. The goods were sold under an order of the court and the proceeds are now in the possession of the sheriff. After the sale Brown transferred and assigned his interest in the proceeds to the Commercial Bank of St. Louis. In making the transfer he expressly reserved to himself the right to sue the sheriff for trespass in making the levy. The Commercial Bank appeared and filed its interplea, claiming the proceeds. In the trial of the interplea the plaintiff did not put in issue Brown's title to the goods, nor did they question the validity of the assignment of the proceeds. Their defense was that as the bank had no interest in the

goods prior to their sale, it could not interplead for the proceeds of the sale. The court decided this question against them and rendered a judgment for the bank. The plaintiffs have appealed.

It has been stated in many decisions in this state that an interplea is a *quasi* action of replevin, and hence appellants argue that as replevin would not lie for the proceeds of the sale, there could be no interpleader therefor. The two actions (interplea and replevin) are analogous only in that they are for the recovery of specific personal property. (Grocer Co. v. Goetz, 57 Mo. App. 8.) The analogy does not go to the extent claimed by appellants. Thus in the case of Nolan v. Deutsch, 23 Mo. App. 1, the interplea was filed after the sale of the goods. The right to interplead for the proceeds was sustained. In that case, however, the interpleader claimed to be the general owner of the property at the time of the sale, which distinguishes it, as to its facts, from the case at bar. Does the fact that the interpleader here had no interest in the property prior to its sale prevent it from interpleading for the proceeds? Assuming that Brown owned the property he had two separate and distinct causes of action arising out of the wrongful levy. He could interplead for the proceeds of the sale as the owner thereof, and he could sue the sheriff in trespass. In the latter case his measure of damages would be the reasonable value of the goods, less the proceeds of sale, if he had claimed and received the proceeds. Nelson Distilling Co. v. Parker, 53 Mo. App. 23. If Brown owned the money arising from the sale he could unquestionably assign it, which he did to the respondent bank. Upon what principle then can we deny to the respondent any of the legal remedies possessed by Brown for the recovery of the money? The difficulties in doing so, as suggested by counsel, proceed along lines that are entirely too

technical. The argument is that as the verdict must be that the interpleader was the owner of the specific property, the respondent could not maintain the interplea for the reason that he at no time owned the property. This is "sticking in the bark." As was said by Judge ELLISON in Franke v. Eby, 50 Mo. App. 579, "the proceeds of the sale take the place of the property—merely changes its form (Oeters v. Aehle, 31 Mo. 380), it is merely a substitute, and as in the foregoing classes of property the money remains in custody for the party who may ultimately show his right thereto." As the sale merely changed the form of the property, it is but reasonable to hold that the assignment of the proceeds by Brown to the respondent was an assignment or sale *pro tanto* of the goods themselves. Under this view the findings of the court that the goods belonged to the respondent and that it was entitled to the proceeds of the sale were fully justified.

The judgment will be affirmed. All concur.