WILLIAM J. KELLY, Respondent, *vs.* WILLIAM BEAUCHAMP, Appellant.

1. *Bond, attachment suit upon—Allegations as to breach, etc.*—In suit on an attachment bond, the allegation in the petition that plaintiff was compelled to expend "large sums of money and was put to great expense and trouble in and about defending said action of attachment, to-wit: five hundred dollars, "will authorize evidence touching special damages such as lawyers" fees, hotel bills, etc.

*Appeal from Holt Circuit Court.*

*Zook & Van Buskirk, with T. C. Dungan,* for Appellant, cited Wagn. Stat., 1013, § 3; Bankston vs. Farris 26 Mo., 175; Garvey vs. Fowler, 4 Sand., 665; Fagan vs. Davidson, 2 Duer., (N. Y.) 153; Wilson vs. Dean, 10 Iowa, 432; 42 Barb., 299; Squier vs. Gould, 14 Wend., 159; Sedg. Dam., 575-578; Donnell vs. James, 13 Ala., (N. S.) 490; Fuller vs. Banker, 11 Mich., 204; Roward vs. Bittinger, 3 Strob., 373; Chitty Pl., Vol. 1, p. 396, *et seq.*.

*Parrish & Collins,* for Respondent, cited State to use of Rose, 19 Mo., 613; Hayden & Smith vs. Sample, 10 Mo., 217.

NAPTON, Judge, delivered the opinion of the court.

This suit was brought on an attachment bond for $1,200 and the breach assigned was, that the plea in abatement in the case was found against the attaching creditor.

The petition charges that a saw mill of plaintiff was attached and some other property—specifying it—and alleges that the plaintiff was deprived of the use of the mill for about a year, and that a great portion of it had been destroyed and injured, and become useless; "that he was compelled to, and did lay out and expend large sums of money, and was put to great expense and trouble in and about defending said action of attachment, to-wit: five hundred dollars," and the damages altogether charged were $1200.

There was an answer denying all these allegations, except the giving bond, etc.

On the trial the court gave the following instructions: "It is admitted by the defendants in this case, that they executed the bond, etc. The only thing for the jury to determine is, the amount of damages actually sustained by the plaintiff, by reason of his property having been attached. "The jury will, in assessing damages, allow him for all money necessarily expended in traveling to and from his house to the place of trial, as well as expenses for hotel bills for himself while in attendance on the court defending said attachment, and a reasonable compensation for his time and attorneys' fees, as they may find from the evidence, in defending said attachment; and will also allow plaintiff such damages as they may think from the evidence he has sustained for the loss of the use of his property, or any injury or loss of the same or any part thereof, from the time it was taken on the attachment until the attachment was dissolved."

The court also gave the instructions asked by defendant, which were "1st. That unless they believe from the evidence the plaintiff sustained damages by reason of the stopping of said mill by the attachment, they will find for defendant, so far as that matter is concerned. And if they further find that said mill and machinery, or any part thereof, was damaged by reason of the withholding the same from plaintiff, under and by virtue of said attachment, they will only find the actual damage sustained by injury or loss of property from the date of the levy of said attachment up to the dissolution of the same in September, 1871, so far as the mill is concerned. 2nd. That the plaintiff is only entitled to a reasonable attorney's fee, for services in the plea in abatement in the attachment, and any services that may have been rendered in the civil action out of which the attachment grew, will be discarded from your consideration."

The court also gave the following instruction:

"The measure of damages in this case, so far as injury to the property is concerned, should be estimated by the actual injury done to the mill and machinery by reason of carelessness, and negligence and bad usage of the same by defendant

Beauchamp, and the officers and those having charge of the same, by his or their direction, not including in the estimate any damage for natural wear and tear, or damage by the elements which were unavoidable and not the result of any fault of the defendant or those having charge of the same, together with the reasonable value of the use of said mill, machinery and property, under all the facts and circumstances, and the condition in which it was, making allowance for expenses of feeding, keeping and preserving same, and necessary repairs from the time it was attached until the attachment was dissolved."

The jury found a verdict for $703, upon which judgment was rendered, and the usual motions in arrest and for a new trial were made and overruled.

The point made in this court is, that the breach in the petition, being general, did not authorize evidence concerning special damages, such as lawyers' fees, hotel bills, etc., incurred in the trial of the plea in abatement.

An examination of the case of Hayden & Smith vs. Semple, 10 Mo., 217, will show that the breach of the bond in that case was even more general than the breach assigned in this. The only breach in that declaration is, that "Sample's property, to the value of $3,000 had been seized under the writ, and the writ had been so prosecuted that Sample was compelled to and did lay out $1,000, and incur large liabilities and spend much time in the defense of the suit, and damage to the amount of $3,000 had in this manner accrued to Sample in consequence of the attachment." U der this declaration, the plaintiff was allowed to prove his traveling expenses, attorneys' fees, cost of taking depositions, loss of time, etc., and an instruction excluding this evidence was asked and expressly refused by the court.

The same question was inadvertently, or rather impliedly passed on in the case of Tho's Hale, Ex'r of Roe, vs. Thomas, 19 Mo., 63. There the direct damages and costs for taking depositions, attorneys' fees, for hotel and traveling bills, etc., were conceded; but evidence of injury to plaintiff's credit by a disarrangement of his business was held inadmissible.

The same point was decided by this court at the last term at Jefferson City, in Mackenzie, Adm'r, vs. Matthews, 59 Mo., 99.

No objections are made to the instructions in this case ; indeed they are obviously correct.

Judgment affirmed, the other judges concur.