CLARK v. BROTT, *Appellant.*

**Attachment**: INTERPLEA: ACTION AGAINST OFFICER.   The recovery of judgment by an interpleader in attachment proceedings, will be no bar to an action by the interpleader against the attaching officer for the wrongful seizure.

*Appeal from Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*C. L. Dobson* and *S. P. Huston* for appellant.

Our statutes providing for an interplea, must mean something—be enacted to serve some purpose; but if Clark can maintain this action, it is a mere pastime—concludes no one—simply lays the foundation for another suit; he interpleads to see whether he can maintain trespass.   If the judgment on the interplea had been against Clark, it would have concluded him in this action.   *Richardson v.*

*Jones* 16 Mo. 177; *Richardson v. Watson*, 23 Mo. 34; Bliss on Code Pleading, § 1.

*A. W. Mullins* for respondent, cited *Trieber v. Blocher,* 10 Md. 14; Drake on Attachment, § 196.

HENRY, J.—Brott, as sheriff of Linn county, levied an attachment against Cole & Mayo on a stock of drugs, which was sold under an order of court, and afterward Clark filed his interplea, claiming the goods. On a trial of the issue made on the interplea, there was a judgment for Clark, who then instituted this suit against Brott, for damages, and obtained a judgment for $1,202.50, the invoice price of the goods, with interest from the date of the seizure, from which defendant appealed, and the only question is whether plaintiff can maintain such an action.

It is contended with plausibility, by defendant's counsel, that Clark, on the seizure of the goods by the sheriff, had his election to sue in trespass or replevin, or to interplead under the statute; and that having elected to proceed under the statute, and obtained a judgment in his favor, he is precluded from resorting to any other remedy. The judgment rendered was for the recovery of the property which had been sold under the order of the court, and the proceeds of sale were considerably less than the invoice price of the goods.

The statute on the subject is very imperfect. There are only two sections in relation to interpleas. Section 449 provides as follows : " any person claiming property, money, effects, or credits attached, may interplead in the cause, verifying the same by affidavit, and issues may be made upon such interplea, and shall be tried as like issues between plaintiff and defendant, and without any unnecessary delay." Section 450, "In all cases of interpleader costs may be adjudged for or against either party, as in ordinary actions." R. S. 1879. If it were a case of first impression, it might well be doubted whether, after the claimant had filed and succeeded upon his interplea, he

could maintain another action against the officer, for the seizure of the goods, but as early as 1847 the contrary was held in the case of *Perrin v. Claflin* 11 Mo. 13. The statute was then substantially the same as now, and as the legislature has not seen proper to enact otherwise, we must accept the interpretation of the statute which has been acquiesced in so long, and affirm the judgment. All concur.