WILLIAM R. TAYLOR *et al.*, Plaintiffs in Error, v. VINCENT K. HINES, Defendant in Error.

## Kansas City Court of Appeals, July 2, 1888.

1. ACTION—RIGHTS OF MORTGAGEE AGAINST PERSON SUING OUT WRONGFUL ATTACHMENT—CASE ADJUDGED.—Persons holding a second mortgage on personal property wrongfully attached (so determined by a legal controversy between the holders of the first mortgage and attaching creditor) may recover from the attaching creditor damages, caused by the diminished value of the property wrongfully attached. They are entitled, as second mortgagees, to the property remaining after satisfaction of the first mortgage, and the person wrongfully attaching, and interfering with their security, rendered himself liable to such mortgagees at least to the extent of their loss thus wrongfully brought about by him.

2. —— —— PROPERTY REDUCED TO SALE—The subjecting of the property by the first mortgagees to their debt did not affect the right of the second mortgagees to this action. The action is not for an injury to the possession, but to the substance of plaintiffs' security. The recovery is for the proceeds of the property, to the extent of plaintiffs' interest in it.

ERROR to Henry Circuit Court, HON. J. B. GANTT, Judge.

*Reversed and remanded.*

Statement of case by the court.

The following is believed to be a sufficient statement of the case.

This was an action by the plaintiffs, as second mortgagees, to recover from defendant a balance of the value of the mortgaged property, which the defendant had improvidently levied upon under an attachment which he had sued out against the mortgageor, and which balance he had consumed in the costs and expenses attending the attachment, and had failed to restore to the mortgagees, after they had prevailed in an interplea, which they had filed in the attachment suit.

The facts of the controversy, as disclosed by the pleadings and the evidence adduced upon the trial, are as follows:

In August, 1881, one Jacob Leon executed a mortgage to these plaintiffs to secure to them certain indebtedness due to them, which mortgage was subject to a prior one executed a few days previous to other creditors of Leon. After default upon the mortgages the first mortgagees took possession of the mortgaged property, and, under the terms of their mortgage, and while so in possession, this defendant sued out his attachment suit against Leon and caused all of the mortgaged property to be levied upon and taken from the mortgagees.

About the same time another attachment was levied upon the same property, and still later three other attachments were so levied. The five attaching creditors then procured from the judge of the Henry circuit court, where the attachment suits were pending, the appointment of a receiver and an order directing him to sell the attached property. At the first term of the court thereafter interpleas were filed by the first and second mortgagees respectively, claiming the attached property. Before the interpleas were determined the receiver had sold a portion of the attached property, realizing the sum of $5,167.45, of which sum there was used for the expenses of the attachment the sum of $1,014.92. The attachment creditors then applied for an order directing the receiver to restore to the mortgagees the balance of the property remaining unsold, and notified the mortgagees of such application. All parties agreed that said property might be restored without prejudice to the rights of any, and the balance was thereupon, under the order of the court, turned back to the first mortgagees, who realized from the same a net sum of $2,664. Afterwards the interpleas came on for trial, and the court found that the interpleaders were entitled to the possession of the attached property, to be applied in payment of their respective debts; and

it appearing to the court that part of the attached property had been sold by the receiver as aforesaid for the sum of $5,167.45, and that the receiver only had in his hands after deducting the amount consumed in the expenses of the attachment a balance of $4,152.53, and it further appearing that the first mortgagees had realized the sum of $2,664 from the sale of goods restored to them, the balance due said first mortgagees was found to be $3,500.12; the court in the interplea of the first mortgagees, all parties consenting that judgment be rendered for the proceeds of the attached property instead of the property itself, adjudged that the first mortgagees as interpleaders recover out of the $4,152.53 the balance of $3,500.12, due them.

In the interplea of the second mortgagees, after finding that said interpleaders were entitled to the possession of said property, subject to the rights of the first mortgagees, and also finding as in the judgment upon the first interplea concerning the disposition of the property and the amount realized therefrom, and further finding that, after allowing the credit upon the first mortgage debts for the amount realized from the sales of property restored to the first mortgagees, the sum of $3,500.12 was required from the proceeds of the sales of attached property by the receiver to satisfy said first mortgage debts, and that over and above the amount consumed in the attachment the balance still remaining in the hands of the receiver was $652.41, and that the amount due on the debts of the second mortgagees was in the excess of said balance in the hands of the receiver, with the consent of the attaching creditors, adjudged that said second interpleaders recover said balance of $652.41, to be applied *pro rata* on their several claims; and the receiver was ordered to pay the same to these plaintiffs as said second interpleaders.

The present action was brought by these plaintiffs to recover the balance of the proceeds of said sales of the attached property which had been consumed in the

expenses of the attachment. Upon the trial the plaintiffs introduced the two chattel mortgages and the records of the several interpleas and the judgments thereon, showing the facts as above set forth, and also the record of the attachment suit of this defendant against Leon, showing that the plea in abatement filed by Leon had been sustained. The defendant offered evidence for the purpose of showing that the first mort gagees had sold that portion of the property which had been returned to them, at a sacrifice. The plaintiffs objected to evidence of that character, for the reason that it was immaterial and incompetent, because the plaintiffs were not responsible for the acts of the first mortgagees, and because the question as to the value and the amount realized from the property restored to the first mortgagees had been adjudicated by the judgment in favor of the plaintiffs on their interplea. These objections were overruled by the court and the defendants allowed to introduce the evidence. The plaintiffs afterward, to rebut said evidence, introduced evidence on their part showing that said mortgagees had realized for said portion of the property turned back to them all that could have been realized therefrom and all that the same was reasonably worth. The case having been tried before the court without a jury, the plaintiffs asked no instructions. The defendant asked several instructions, two of which were given by the court. Instruction number two, which was given, declared that the plaintiffs could not recover in this action unless they had shown by the evidence that they would have realized their debts out of the mortgaged property if the same had not been attached. The second instruction given them, called number three, declared in effect that the plaintiffs were only entitled to recover that portion of their indebtedness which they had lost by reason of the attachment. The plaintiffs excepted to the giving of these instructions because they were inconsistent, and because instruction number two was

improper. The court then made a finding in favor of the defendant, based upon a reason which does not appear from the record, being, as stated by the parties, that the present action of the plaintiffs was *res adjudicata* by the judgment upon the interplea in favor of the plaintiffs.

Geo. P. B. Jackson, for the plaintiffs in error.

I. The court erred in admitting evidence concerning the manner and amount of the sale of the portion of the goods released from the attachment to the first mortgagees. (*a*) The second mortgagees, these plaintiffs, were not responsible for the acts of the first mortgagees. (*b*) The plea in abatement to defendant's attachment having been sustained, the defendant had no interest in the goods restored to the first mortgagees. If there had been any sacrifice of these goods, it was a question between the first mortgagees and their debtor, Leon. (*c*) After his attachment was defeated, this defendant, as attaching creditor, had no right to retain or use any portion of the proceeds of the property he had caused to be sold, regardless of what was done with the portion not sold. (*d*) In determining the interpleas, it was necessary to ascertain the interests of the interpleaders. *Tippack v. Briant*, 63 Mo. 584. Therefore, when, in the judgments on the interpleas, it was determined that the claims of the interpleaders should be credited with a certain sum, as the proceeds of the sale of the portion of the property restored by the attaching creditors, all matters pertaining to that sale became *res adjudicata*, and could not be retried in this case.

II. The second and third instructions given at the instance of defendant were inconsistent. One declared that the plaintiffs could not recover unless they had shown by the evidence that, but for the attachment, they would have made their whole debt out of the attached property; while the other decared lthat they

could only recover for the portion of their debts which they had lost by reason of the attachment.

III. The court erred in giving the second instruction for defendant, because it declared that, unless plaintiffs had shown that they could have made their whole debt out of the attached property, they could not recover for the portion which they could have made, and which had been lost to them.

IV. The finding and judgment of the court was against the third instruction, and against the evidence in the case. The pleadings and the evidence show that the attached property was sold for $5,167.45; that $1,014.92 of that was used for expenses of the attachment, and the balance only turned over to the mortgagees. The amount thus misapplied on the attachment would otherwise have been available to the mortgage debts, and was, therefore, lost to them by reason of the illegal attachment.

V. The court below held, and it will probably be insisted here, that the present action was adjudicated by the judgment on the interplea in favor of these plaintiffs. This is erroneous. The issues in this case were not involved in the interplea. The interplea was in the nature of replevin. *Burgert v. Borchert*, 59 Mo. 85 : *Manufacturing Co. v. Bean*, 20 Mo. App. 119. Upon the interplea, the issue was whether or not the interpleaders were entitled to the property; and the finding must respond to that issue. *Hewson v. Tootle*, 72 Mo. 632; *Nolan v. Deutsch*, 23 Mo. App. 1. The judgment must conform to the verdict, unless the parties consent to something else. *Tippack v. Briant*, 63 Mo. 580; *White v. Graves*, 68 Mo. 218; *Wooldridge v. Quinn*, 70 Mo. 370; *Hewson v. Tootle*, 72 Mo. 636. The consent was that the balance of money on hand should be turned over to the interpleaders, but not that it should be in lieu of all the attached property. The judgment on the interplea does not purport to determine any issue involved in this case. *Armstrong v. St. Louis*, 69 Mo. 309. While a judgment is *res judicata*

of everything that is necessary to its rendition, it is not such as to every question that might collaterally arise on the trial, nor as to matters which might be comprehended unless they are shown to have been in fact litigated. *Railroad v. Traube*, 59 Mo. 362; *Spradling v. Conway*, 51 Mo. 51; *Spurlock v. Railroad*, 76 Mo. 67; Freeman on Judgments, secs. 256, 260; Wells' Res Judicata, 200, 215, 290; Herman on Estoppel, secs. 210, 211, 212, 228.

FYKE & CALVIRD, for the defendant in error.

I. The court did not err in admitting evidence that the goods, which had been turned over by consent to first mortgagees, were sold at a sacrifice, with the knowledge and consent of plaintiffs. Plaintiffs, if entitled to recover at all, could only recover the surplus after satisfying the first mortgage. *White v. Quinlan*, 30 Mo. App. 54. It was, therefore, material to show that the surplus was reduced by the action of the first mortgagees, to whom the goods were delivered by consent of plaintiffs.

II. The instructions are not before the court, and the action of the court in giving instructions cannot be reviewed, because plaintiffs, in their bill of exceptions, do not show what instructions were given or refused. Something more than "given" or "refused" on the margin must appear to indicate whether instructions were given or refused. *State v. Johnson*, 81 Mo. 60; *Barber v. Hereford*, 48 Mo. 323. In any event the instructions so qualified each other, that no harm could possibly have been done plaintiffs.

III. Although the court may have rendered an erroneous judgment on the interplea, since no appeal was taken, and plaintiffs having acquiesced in said judgment, are estopped. The court properly held that plaintiffs' rights were adjudicated by the judgment on the interplea in favor of plaintiffs. In that proceeding judgment by consent was rendered for so much money instead of for the property. This was proper. The

court found that plaintiffs were entitled to the property, and as it had been sold under order of the court, judgment was rendered for the proceeds. *Nolan v. Deutsch,* 23 Mo. App. 1. Not only was the issue as to ownership involved in the interplea, but the question of value of the goods or the amount of their proceeds was involved. The court having found that plaintiffs were entitled to the proceeds left after satisfying the first mortgage ($652.41), and plaintiffs having received and accepted that sum, are barred and estopped by that proceeding. *Carroll v. Woodlock,* 13 Mo. App. 574; *Trans. Co. v. Traber,* 59 Mo. 355; *Richardson v. Jones,* 16 Mo. 177. When a claimant interpleads, an issue is made up and must be tried without unnecessary delay, as an original cause between plaintiff and defendant. The law contemplates in every such case a final judgment. *Ladd v. Couzins,* 35 Mo. 513. A final judgment was rendered on the interplea filed by plaintiffs. The court found that plaintiffs were entitled to the balance of the proceeds of the goods in the hands of the receiver, after satisfying the first mortgage and also found what that amount was. The court could not have found otherwise, for, under the decision of this court in *White v. Quinlan,* 30 Mo. App. 54, the second mortgagees were not entitled to the specific goods, but to the surplus only, after the first mortgage was satisfied.

IV. It is well settled that the same point or question, when once litigated or settled by verdict and judgment thereon, shall not be again contested in any subsequent controversy between the same parties, depending on that point or question. *Armstrong v. St. Louis,* 3 Mo. App. 100; *White v. Van Houten,* 51 Mo. 577.

V. Plaintiffs, under the circumstances of this case, cannot recover in this action, even if the judgment on the interplea is no bar, because at the time of the levy the first mortgagees were in possession of the goods after condition broken; therefore, the only interest plaintiffs had in the property was the right to redeem

Until they exercised that right they had no such interest as to authorize them to sue in trespass or for conversion of the goods. *White v. Quinlan*, 30 Mo. App. 54. None of the proceeds of the goods was ever received by this defendant, hence plaintiffs could not maintain *assumpsit* against him.

Ellison, J.—A reference to the statement in this case will discover that the plaintiffs were second mortgagees of a lot of personal property which defendant wrongfully attached; and that such attachment was determined to be wrongful on the separate interpleas of plaintiffs and the first mortgagees. That the proceeds of the property while under the attachment, and by reason of the attachment, was diminished to such an extent that plaintiffs are not able to make their debts. Under such state of case, I have no doubt of plaintiffs' right to recover.

Plaintiffs, as second mortgagees, were entitled to the property remaining after satisfaction of the first mortgage and when defendant wrongfully attached all the property, destroying such portion thereof as to interfere with plaintiffs' security, it is quite apparent that he rendered himself liable to plaintiffs at least to the extent of their loss he thus wrongfully brought about. By some courts it is held, the liability extends to the full value of the property though sufficient remain out of which to make the mortgage debt. Of this we need not express an opinion.

That the property had been reduced to the possession of the first mortgagees under the terms of their mortgage, did not destroy or affect the right of the second mortgagees to this action. The action is not for an injury to the possession, but to the substance of plaintiffs' security. The petition states the actual facts showing an injury to plaintiffs' security. It states a cause of action. *Gooding v. Shea*, 103 Mass. 360; *Searle v. Sawyer*, 127 Mass. 491, 493, and cases cited; *Worthington v. Hanna*, 23 Mich. 530.

It is contended that the judgment on the interplea is a bar to this action. I think not. It was ruled in *Clark v. Brott*, 71 Mo. 473, that a successful interpleader could, notwithstanding his interplea, sue the officer levying the attachment, for the trespass. And in *Perrin v. Clafflin*, 11 Mo. 13, the plaintiff, after a successful interplea, sued Clafflin who was plaintiff in the attachment writ which had been levied upon his goods, the court holding Clafflin liable to such action. So, if in this interplea plaintiffs had recovered the goods themselves the cases just cited would be direct authority for this action. The fact that the recovery is for the proceeds of the property cannot alter the case. The judgment itself shows a large portion of the mortgaged property was used in expenses attending the wrongful attachment and that plaintiffs' claims were not satisfied.

If it be conceded that the first mortgagee sold the portion of the mortgaged property turned back to him, at a sacrifice, and that plaintiffs knew of such sale, I am not able to see how it can relieve the wrongful act of defendant in destroying the mortgaged property so as to diminish plaintiffs' security.

The judgment will be reversed and the cause remanded. HALL, J., concurs; PHILIPS, P. J.. having been of counsel, not sitting