On rehearing the following opinion was announced:
Per Curiam.
We have carefully examined the authorities submitted on the rehearing in this case.
At the time of writing the opinion our attention had not been called to cases wherein the exact propositions now under consideration had been discussed.
In the case of Perrin v. Claflin, 11 Mo. 13, it is held that “ Where the goods of one are seized under an attachment against another, on an interpleader filed by tbe owner of the goods so taken, if the plaintiff in the attachment defend the interpleader, it will be evidence of his assent to the seizure by the officer, and such subsequent assent will render the plaintiff liable in trespass.”
The general doctrine is that “ One who is the owner of property attached to that of another, may either intervene in the suit to claim his property, or he ma}" sue the sheriff or the purchaser without making himself a party to the attachment suit. When he has been adjudged the owner, he has his action against the sheriff for wrongful seizure ” * * * . Waples on Attachment and Garnishment, p. 483.
The Supreme Court of Missouri in the case of Clark v. Brett, 71 Mo. 473, a case similar to the one now under consideration, say: “ It is contended with plausibility, by defendant’s counsel, that Clark, on the seizure of the goods by the sheriff, had his election to sue in trespass or replevin, or to interplead under the statute ; and that having elected to proceed under the statute, and obtained a judgment in his favor, he is precluded from resorting to any other remedy. The judgment rendered was for the recovery of the property *43 which had been sold under the order of the court, and the proceeds of sale were considerably less than the invoice price of the goods.” Held that “ The recovery of judgment by an interpleader in attachment proceedings, will be no bar to an action by the interpleader against the attaching officer for the wrongful seizure.”
These authorities and others furnished by the plaintiff in error conclusively satisfy us that we should adhere to our opinion.