70 663
77 309

THE STATE OF MISSOURI *ex rel.* B. H. KERNS, Appellant,
v. THE EAST JOPLIN LUMBER COMPANY *et al.*,
Respondents.

Kansas City Court of Appeals, May 3, 1897.

Attachment: BOND: INDEMNITY TO INTERPLEADER: ATTORNEY'S FEES.
Under section 527, Revised Statutes, 1889, an attachment bond is
intended as an indemnity to an interpleader for all costs and dam-
ages that may accrue to him by reason of the attachment including
reasonable attorney's fees.

*Appeal from the Jasper Circuit Court.*—HON. E. C.
CROW, Judge.

REVERSED AND REMANDED.

*Thomas & Hackney* for appellant.

(1) The trial court erred in refusing to allow
relator, as damages, the reasonable attorneys' fees paid
by him in the prosecution of the interplea for the at-
tached property. The attachment bond was intended
as an indemnity to an interpleader the same as to a
defendant or garnishee. This bond is in the statutory
form. R. S. 1889, sec. 588. (2) It will be observed
that sections 404 and 465, Revised Statutes, 1879, were
amended in the revision of 1889 by inserting the word
"interpleader" after the word "garnishee," though
the fact of the amendment is not noted by the revising
committee in the reference at the foot of section 588.
It has long been the settled law of this state that a
defendant in the attachment suit, after defeating the
attachment, is entitled to recover in an action on the

bond reasonable attorneys' fees (as well as other expenses) incurred by him in defending against the attachment. *Hayden v. Sample*, 10 Mo. 215; *State to use v. Thomas*, 19 Mo. 613; *State to use v. Beldsmeier*, 56 Mo. 226; *Kelly v. Beauchamp*, 59 Mo. 178; *State ex rel. v. Shobe*, 23 Mo. App. 474; *State to use v. McKeon*, 25 Mo. App. 667; *State ex rel. v. Gage*, 52 Mo. App. 464. It is likewise held that a garnishee may, in an action on the attachment bond, recover attorneys' fees paid in a garnishment proceeding. *State ex rel. v. Immer*, 52 Mo. App. 536. An interplea is based on the original attachment. It is an incident growing out of the principal action. *Mills v. Thompson*, 61 Mo. 415; *Engine & Thresher Co. v. Glazier*, 55 Mo. App. 99. (3) The liability of the obligors on the attachment bond is measured by a sum sufficient to put the interpleader in as good plight as if the wrongful levy on his property had not been made. *Hotel Co. v. Sauer*, 65 Mo. 289.

*F. M. Redburn* and *W. R. Cowley* for respondents.

(1) The right given by statute, to interplead, is in the nature of an action of replevin, and to save litigation as much as possible; by it a third party may try his right to the ownership of the property attached, and during the litigation, to save the property from loss and damage. *State ex rel. v. Barker*, 26 Mo. App. 487; *Burgert v. Borchert*, 56 Mo. 80; *Spooner v. Ross*, 24 Mo. App. 599; *Sanders v. Ohlhausen*, 51 Mo. 163; *Brennan v. O'Driscoll*, 33 Mo. 372; *Wolff v. Vette*, 17 Mo. App. 36; *Mfg. Co. v. Bean*, 20 Mo. App. 111; *Ladd v. Couzins*, 35 Mo. 513. (2) The right of interplea is in the nature of an independent suit; the entries in the record are, or should be, kept separate from the attachment proceedings. And the right given to inter-

plead does not allow one so intervening to contest the grounds of the attachment, whether they are confessed or denied by the defendant in the attachment. *Rice v. Commission Co.*, 71 Fed. Rep. 151; *Wolff v. Vette*, 17 Mo. App. 36; *Brennan v. O'Driscoll*, 33 Mo. 372; *Sannoner v. Jacobson*, 47 Ark. 41; *Darby v. Shannon*, 19 S. C. 531; *Baird v. Williams*, 19 Pick. 381; Freeman on Judgment, p. 91. (3) The plaintiff below can not recover upon the attachment bond his attorneys' fees in contesting his right to the property attached in the action of *East Joplin Lumber Co. v. J. J. Randall*, there being no want of probable cause for the attachment or malice in the prosecution thereof, but that the action was brought in good faith. *Vorse v. Phillips*, 37 Iowa, 428; *Goodbar v. Lindsley*, 11 S. W. Rep. 577; *Walker v. Owen*, 79 Mo. 563; *Holmes v. Braidwood*, 82 Mo. 610; *Stewart v. Sonneborn*, 98 Mo. 192; *Henry v. Davis*, 123 Mass. 345; *Condon v. Lockridge*, 60 Miss. 885; *Taylor v. Morton*, 61 Miss. 24; *Witascheck v. Glass*, 46 Mo. App. 209.

SMITH, P. J.—This case shortly stated is about this:

The defendant, the East Joplin Lumber Company, sued one Randall by attachment. Under the writ certain personal property of the relator was levied on as that of Randall and for which the relator successfully interpleaded in the attachment suit. The relator brought this action on the attachment bond of the East Joplin Lumber Company, the plaintiff in the attachment, to recover by way of damages the amount laid out and expended by him as fees for attorneys employed by him in prosecuting his interplea in the attachment. The uncontradicted evidence showed that he paid the two legal firms retained by him in the prosecution of the claim to the attached property interposed by him in the attachment the sum

STATEMENT.

of $150, and that that amount was reasonable. The court refused to declare by an instruction requested by relator that "in assessing the damages the court should allow him and he is entitled to recover, such sum, if any, as the court may find he paid out for reasonable attorneys' fees for services rendered by his attorneys in filing and prosecuting his interplea" for the property attached. And this action of the court is assigned by the relator as error. The attachment bond was in the statutory form and bound the defendant and his sureties, the obligors therein, "to pay all damages and costs that may accrue to any defendant, garnishee or *interpleader* by reason of the attachment, or any process or proceeding in the suit, or by reason of any judgment or process thereon." R. S., section 588.

The attachment bond provided by the attachment law contained in the Revised Statutes of 1879, section 404, was intended as an indemnity only to the defendant in the attachment but in the revision of 1889, section 527, the bond was made to stand as indemnity to any interpleader or garnishee as well as to any defendant so that the obligors in an attachment bond under the present statute are bound to pay all damages and costs that may accrue to any *interpleader* by reason of the attachment or any process or proceeding in the attachment suit. Under the attachment law as it stood prior to the adoption of the present revision the defendant in the attachment if successful was entitled to recover in an action on the attachment bond as part of his damages a reasonable attorney's fee. *Hayden v. Sample,* 10 Mo. 215; *State to use v. Thomas,* 19 Mo. 613; *State to use v. Beldsmeier,* 56 Mo. 226; *Kelly v. Beauchamp,* 59 Mo. 178; *State ex rel. v. Shobe,* 23 Mo. App. 474; *State to use v. McKeon,* 25 Mo. App. 667; *State ex rel. v. Gage,* 52 Mo. App. 464.

ATTACHMENT: bond: indemnity to interpleader: attorney's fees.

And under the present revision it has been decided by us that a garnishee who succeeds in defeating a garnishment in an attachment suit may recover on the attachment bond the attorney's fee which he has been obliged to pay in defending the garnishment. *State v. Immer*, 52 Mo. 536. And as an interpleader in an attachment suit is no longer a stranger to the bond therein but by the force of the existing statute is entitled to the same recourse on the bond, or which is the same thing, to the same indemnity provided by the bond as a defendant or garnishee in the attachment suit, there ought not, in view of the adjudications to which reference has been made, to be any sort of doubt that the relator was entitled in the present action to recover as part of the damages sustained by him in the attachment his reasonable attorney fees.

The levy of the attachment on the property of the relator was the direct and proximate cause of the damages for which the suit is brought. Had there been no seizure and detention of relator's property under the writ of attachment there would have been no occasion for him to have gone to the expense of employing attorneys to interplead and claim it in the attachment suit. No good reason has or can be suggested why an interpleader in the attachment is not as much entitled to the benefit of the indemnity bond provided by the statute as any defendant or garnishee. This is made plain from the very terms employed in the statute itself. None of the authorities to which defendants in their brief call our attention have any application to a case like the present. The trial court erred in refusing the relator's instruction which has been already quoted.

The judgment accordingly will be reversed and cause remanded. All concur.