WHEELER SAVINGS BANK, *Appellant*, v. TRACEY *et al.*

Division Two, November 9, 1897.

1. **Res Adjudicata**: SPLITTING ACTIONS. A single cause of action can not be split in order that separate suits may be brought for the various parts of what constitute but one demand.

2. ———: ———: ONE TORT, ONE SUIT. A single tort gives only one cause of action, and the damages resulting from one and the same cause must be assessed and recovered in one suit.

3. ———: ———: ———: UNAVOIDABLE IGNORANCE. The only exception to the rule that "one ought not to be twice vexed for one and the same cause" is that the plaintiff will not be precluded in consequence of a former suit if such former action was brought *in unavoidable ignorance* of the full extent of the wrongs received or injuries done.

4. **Attachment**: INTERPLEA: SUIT FOR A PART OF GOODS SEIZED: DIFFERENCE IN PARTIES TO THE TWO SUITS. The plaintiff held a mortgage on all the goods belonging to a manufacturing company, given to secure the payment of a note. To the plaintiff the company had also assigned its accounts and account books. Both the accounts and the goods were seized by the marshal of the federal court under an attachment writ against the company. The plaintiff filed its interplea in that court for the amount of the accounts, and recovered as to a part of them, but did not interplead as to the goods covered by the mortgage, but after the goods were sold by the marshal it brought this suit in damages for the value of the goods. *Held*, that the plaintiff should, in his interplea in the attachment suit, have asked for a recovery of the goods mortgaged, as well as the accounts assigned to it, and as it failed to do so its whole right of action was by the judgment on the interplea *res adjudicata*. *Held*, also, that the cause of action could not be thus split on the plea that plaintiff's title to the accounts rested upon their assignment to it by the company, while its

title to the mortgaged property was derived from a chattel mortgage which had not been foreclosed. *Held*, also, that the facts that the attachment suit was against the company and that this suit was against the marshal did not make different causes of action, the difference *in name* not being substantial so long as the real parties in interest were the same; and the interplea, being in the nature of an action of replevin ingrafted on a suit in attachment, must stand in law as if it were lodged directly against the marshal by name. *Held*, further, that plaintiff's right to the accounts and to the mortgaged goods constituted but one cause of action at the time of its interplea, although the accounts had been assigned to it directly and the note and mortgage had first been made to one Spaulding and by him assigned to the plaintiff bank after the suit in attachment was brought and after the interplea was filed, it clearly appearing in evidence that the bank furnished the money for the loan to the company in the first place, and that Spaulding in the entire transaction acted simply as the agent of the bank.

*Appeal from Jackson Circuit Court.*—HON. JAMES H. SLOVER, Judge.

AFFIRMED.

*Dobson & McCune* for appellant.

(1) The action of the marshal in seizing the property and removing it was a breach of the conditions of the mortgage, and the mortgagee became thereby entitled to possession. *Huiser v. Beck*, 55 Mo. App. 668. (2) A pre-existing debt is a sufficient consideration to support a mortgage. *Brocking v. Straat*, 17 Mo. App. 296; *Davis v. Carson*, 69 Mo. 609; *Way v. Braley*, 44 Mo. App. 457; *Huiser v. Beck*, 55 Mo. App. 668. (3) If the demand results from several and distinct transactions, an action may be maintained on each transaction. *Railroad v. Traube*, 59 Mo. 355; *Hoffmann v. Hoffmann's Ex'r*, 126 Mo. 486; *West v. Moser*, 49 Mo. App. 201; *Flaherty's Adm'r v. Taylor*, 35 Mo. 447; *Alkire Gro. Co. v. Tagart*, 60 Mo. App. 389; *Union Switch Co. v. Johnson*, 72 Fed. Rep. 147. (4) Nor is it meant by this rule that the plaintiff must join

in one action every demand which under the rules of law he might join. *Steiglider v. Railroad*, 38 Mo. App. 511; *Skeen v. Thresher Co.*, 42 Mo. App. 158. (5) A judgment is not *res adjudicata* in a subsequent suit by the same plaintiff against a different defendant. *Henry v. Woods*, 77 Mo. 277; *Quigley v. Bank*, 80 Mo. 289; *McGill v. Wallace*, 22 Mo. App. 675. (6) The recovery of judgment by an interpleader in attachment proceedings will be no bar to an action by the interpleader against the attaching officer for the wrongful seizure. *Clark v. Brott*, 71 Mo. 473; *Taylor v. Hines*, 31 Mo. App. 631. (7) A corporation, though insolvent, may, if it retains dominion over its property, dispose of it as an individual and prefer one creditor to others, if it does so in good faith to secure, or in payment of, a *bona fide* debt. *Schufeldt v. Smith*, 131 Mo. 280; *Meyer v. Bed Co.*, 130 Mo. 188; *Waggoner-Gates Co. v. Commission Co.*, 128 Mo. 473; *Slavens v. Drug Co.*, 128 Mo. 341; *Alberger v. Bank*, 123 Mo. 313. (8) The stockholders alone have power to adopt by-laws, and the directors have no such power. *Watson v. Printing Co.*, 56 Mo. App. 145; *Trust Co. v. Lumber Co.*, 118 Mo. 447; R. S. 1889, secs. 2506, 2508.

*Downs, Bower & Barnes* for respondents.

(1) This is the same cause of action involved in the interplea filed by appellant in the United States court November 6, 1893, and decided against it in part. 21 Am. and Eng. Ency. Law, p. 137; *Richardson v. Watson*, 23 Mo. 34; *Krenchi v. Dehler*, 50 Ill. 177. It results from the same and not "distinct transactions." Appellant can not therefore split its cause of action. *Funk v. Funk*, 35 Mo. App. 246; *Moran v. Plankinton*, 64 Mo. 337. (2) These are the same parties, both plaintiff and defendant, as in the interplea. *State ex rel. v.*

*Barker*, 26 Mo. App. 487; *Burgert v. Borchert*, 59 Mo. 80; *Richardson v. Watson*, 23 Mo. 34. (3) The right to sue for damages for wrongful levy does not pass by an indorsement or assignment of the note, after the right accrues. 2 Cobbey, Chattel Mortgage, sec. 646; *Bowers v. Bodley*, 4 Ill. App. 279. The Wheeler Savings Bank therefore was the real party in interest, and Spaulding the trustee of an express trust at most; the right to sue for damages to the mortgaged property accrued at the time of indorsement, was in the bank at the time it filed its interplea, November 6, 1893, and at all other times. R. S. 1889, secs. 1990, 1991. (4) The Wheeler Savings Bank was at best not more than an undisclosed principal, and as such could sue at all times. *Snider v. Express Co.*, 77 Mo. 523. (5) The act of the officer in levying upon the book accounts was one and the same in every respect as that by which he levied upon the mortgaged property. The levy upon book accounts is more than a garnishment. *Fleisch v. Bank*, 45 Mo. App. 230. (6) The source of appellant's title to the accounts being assignment, and the source of its title to the mortgaged property being the mortgage, can not make the act of the officer two causes of action. (7) Spaulding, being the agent and vice-president of the appellant mortgagee, could not be counted, either to constitute a quorum or a majority vote at the meeting of July 8, 1893, authorizing the loan. *Hill v. Rich Hill Mining Co.*, 119 Mo. 9; *Bensiek v. Thomas*, 66 Fed. Rep. 111. (8) Besides the rule is not charged by the statute, as there was no quorum present under the statute, without counting Spaulding. R. S. 1889, sec. 2510; *Hill v. Rich Hill Mining Co.*, 119 Mo. 9.

GANTT, P. J.—This is an action for damages for the alleged wrongful levy of a writ of attachment upon certain personal property situated in the factory of the

Davis Manufacturing Company in Brookfield, Missouri, upon which plaintiff bank claimed to have a chattel mortgage, duly recorded. The defendants Carpenter and Flournoy were the plaintiffs in the attachment suit in the United States circuit court for the western division of the western district of Missouri, in which the defendant Tracey, as marshal, levied upon said personal property, described in said mortgage and in the petition in this case, as follows: "All and singular all the manufactured goods now in the possession of said manufacturing company, consisting of doors of various kinds, styles and patterns, windows, sash, blinds, transoms, railings, mouldings, and in fact every manufactured article made by said company to this date, and on hands in the wareroom, factory or mill, also all the glass, lumber and material of every kind now on hands belonging to said company for use about its business."

The petition alleges said levy upon said goods as against one C. L. Spaulding, who held said mortgage, was wrongful and unlawful; that the defendants kept and retained said goods and have not returned them to Spaulding or his assignee; that on the twentieth of December, 1893, Spaulding assigned the note of the Davis Manufacturing Company to the plaintiff and at the same time his right of action against defendants. Damages are laid at $3,500.

Among other defenses pleaded in the answer it was averred that on the sixth day of November, 1893, the plaintiff herein filed its interplea in the attachment suit brought by these defendants against The Davis Manufacturing Company in the United States court "for all articles of personal property averred to have been seized and taken by the defendant Tracey as marshal in said attachment suit, which included the goods mentioned in the petition; that in said suit of interpleader plaintiff recovered judgment for certain per-

sonal property on March 9, 1894; that all the taking and seizing of property under said writ was one transaction and occurred at the same time and place, and plaintiff having made its election as to the manner and object of its suing is now barred from suing again upon said cause of action and the judgment on said interplea as to the matters and things herein operated as *res adjudicata.*" Reply of general denial was filed.

Before noticing various other defenses set up in the answer and the numerous questions discussed both orally and in briefs by the learned counsel, we deem it highly important to examine this defense of *res adjudicata,* because if sustained it will not be necessary to look further. To sustain this plea the defendants offered in evidence the interplea and judgment thereon in case number 1913 in the United States circuit court. The interplea is entitled "W. I. Carpenter et al. v. Davis Manufacturing Company; Wheeler Savings Bank, Interpleader." Among other things the interpleader states "that under the writ of attachment issued in the above cause the United States Marshal (Tracey) has levied upon and seized as the property of the defendant (the Davis Manufacturing Company) in said cause the following described credits, to wit, "various book accounts contained in the ledger of said company and which were duly sold and assigned to this interpleader before said attachment writ was levied," etc. A long list of the accounts, the name of the debtor and the amount of each is then stated. It then averred that the company had sold all of said accounts to interpleader and the defendant in attachment had no interest in them when the writ was served and prayed that said accounts might be released from said levy. Upon a trial of said interplea the United States court found that of said accounts attached by its marshal, the Wheeler Savings Bank was the owner of and

entitled to certain of said accounts which had been assigned to it in writing by the Davis Company amounting to $4,254.90 and was not the owner of certain unassigned accounts attached by said marshal amounting to $2,171.38.

The plaintiff offered and read in evidence the marshal's return on the writ of attachment in the case of Carpenter and Flournoy against the Davis Company in the United States court from which it appears that on the eleventh day of July, 1893, at 1:27 o'clock P. M., he levied upon the property described in this action and the chattel mortgage and also at the same time and by the same levy upon the accounts for which plaintiff bank interpleaded in said cause in the United States court as above mentioned. In said interplea plaintiff did not sue for the goods attached. Upon this state of facts the defendants insist that the plaintiff bank has split its cause of action and having had its redress by one action can not maintain this second action which grows out of the same levy, by the same marshal and at the instance of the same plaintiffs. No rule of law is better settled than that a single cause of action can not be split in order that separate suits may be brought for the various parts of what constitutes but one demand and the rule is founded upon the plainest and most substantial justice. It is an old maxim of the common law that "No one ought to be twice vexed for one and the same cause." It has always been regarded as a matter of concern to the State that litigation should have an end and that no citizen should be unnecessarily harrassed with a multiplicity of suits. That such has been the law of this State for many years, the decisions of this court all attest. *Wagner v. Jacoby*, 26 Mo. 532; *Union Railroad and Trans. Co. v. Traube*, 59 Mo. 355; *Moran v. Plankinton*, 64 Mo. 337; *Taylor v. Heitz*, 87 Mo. 660. And our adjudications are in harmony with

the great weight of authority in this country. *Knowlton v. Railroad*, 147 Mass. 606; *Baird v. U. S.*, 96 U. S. 430; *Brannenburg v. Railroad*, 13 Ind. 103. And it has been uniformly held that a single tort gives only one cause of action and the damages resulting from one and the same cause must be assessed and recovered in one suit. 1 Ency. Pl. and Pr. 159. The cases best illustrate the rule. Thus in *Farrington v. Payne*, 15 Johns. (N. Y.) 432, damages were claimed for a tortious taking under a writ of attachment, and the court held that the seizure of a bed and the bedquilts was one single indivisible act; that the plaintiff could not recover for taking the quilts in one action and the bed in another. To this general rule there is an exception which was noted by this court in *Moran v. Plankinton et al.*, 64 Mo. 337, in which it was held that a party would not be precluded in consequence of a former suit if such former action was brought *in unavoidable ignorance* of the full extent of the wrongs received or injuries done. *Risley v. Squire*, 53 Barb. 280. But the exception is not allowed where the party knew of the conversion at the same time and by the same act, but in his first action omits a part of the property by accidental oversight. *Folsom v. Clemence*, 119 Mass. 473. The learned counsel for appellant bank does not seriously controvert these statements of the law but insists that they have no application to this case for various reasons, which we proceed to note in their inverse order.

*First.* He argues that it is not enough that the levy was made at the same time and under the same writ, but it must be of the same character; that the levy upon the accounts in this case was in the nature of a garnishment, whereas the levy upon the personal chattels was complete by seizure. That therefore being made in different ways, the two levies were of necessity different acts. This contention of counsel was met and

fully answered by the St. Louis Court of Appeals by Judge THOMPSON in *Fleisch v. National Bank of Commerce*, 45 Mo. App. 225. This statutory levy is more than a mere garnishment. It "impounds whatever debts and rights of action, present or prospective, are exhibited by the accounts contained in those books." The reasoning of that case and the construction therein placed upon sections 539 and 552, Revised Statutes 1889, seem to us eminently sound and conclusive. Under this head counsel further claim that the bank's title to the accounts rested upon an assignment of them, and its title to the mortgaged property was deduced through the chattel mortgage, and that created a different state of facts. In other words, the learned counsel asserts that if an interpleader own two horses, one of which he has purchased from A., and the other from B., and the sheriff or marshal levy upon both at the same time under the same writ of attachment or execution in favor of the same plaintiffs against the same execution or attachment defendant, he can interplead for one, and sue the sheriff in trespass for the other. Unquestionably the law is against him. The levy, if wrongful, constitutes but one trespass and gives but one cause of action, and he can not thus split his cause of action. In *O'Neal v. Brown*, 21 Ala. 482, the plaintiff was in possession of a stock of goods, a part of which belonged to him in his own right and a portion belonged to him as trustee for others, and he sought to split his action by suing in one case for trespass for his own goods and in another for damages due by levying upon those which he held as trustee, but the court held it was one trespass and one cause of action, and he could have recovered the full damages in one suit. That case is directly in point and to the same effect is *Pinney v. Barnes*, 17 Conn. 420. This point must likewise be ruled against the appellant bank.

But again it is urged that while this is an action by the same plaintiff that interpleaded in the United States court for the accounts, the defendant is different. This contention is based upon the assumption that because the marshal was not *eo nomine* a party to the record in the original attachment case and the interplea therein, therefore he can not avail himself of the judgment on that interplea. In *Burgert et al. v. Borchert et al.*, 59 Mo. 80, this court held the right to interplead in an action of attachment to be in the nature of an action or replevin engrafted upon the suit by attachment. Nowhere is it more happily defined than by Judge Philips in *State ex rel. Reeves v. Barker*, 26 Mo. App. 487, in which he says: "It is solely the creature of the statute. It is defined by our Supreme Court (in *Burgert v. Borchert*, 59 Mo. 80) to be in the nature of an action of replevin, ingrafted on a suit by attachment. Its very office and purpose are to determine the question of ownership of the specific chattel, and the right of the sheriff to seize and hold it under his writ. It is so much a substitution for the action of replevin, that after its judicial determination, the interpleader can not resort to the action of replevin for the same property. Being thus a substitution for the action of replevin, it must stand, in contemplation of law, *as if it were lodged directly against the sheriff by name.* . . . . . . . Of consequence, the officer who stands as if the action of replevin were against him must be bound by the adjudication. It is no answer to say that the sheriff is not *eo nomine* a party to the record." The sheriff being bound by the judgment on the interplea when not named, *a fortiori* is the interpleader bound thereby who is named. It is too plain for argument that the defendants in this case are the same parties with whom the interpleader contested the ownership of the accounts in its interplea. The rule laid down in *Clark v. Brott*,

71 Mo. 473, that an interpleader may, notwithstanding the decision in his favor on his interplea, recover damages by reason of the sacrifice of his property under. an order of sale, or otherwise, does not touch the question of the right to split up his cause of action in his interplea, and is no authority for the contention of the plaintiff bank that it could sue for a portion of its goods by interplea, or replevin, and for damages for the balance. Whatever form of action it adopted it was bound to sue for its whole cause of action at that time, or stand estopped from afterward suing for the portion purposely omitted.

But finally on this contention it is claimed that the bank's claim to the accounts *was the only cause of action* it had when it filed its interplea; that at that time it had no right to sue for the mortgaged personalty. An exceedingly interesting question has been mooted and discussed by counsel as to the effect of the indorsement of the note of the Davis Company to Spaulding by him to Judge Brownlee. It is insisted by defendants that while the simple transfer of a note passes the securities held by the assignor to secure its payment, it does not without more pass the right of action for a prior conversion of the chattels mortgaged to secure the note or the right to sue for such a tort; that such a right as this last is a matter independent of the debt assigned. Such seems to be the law in Pennsylvania and Illinois. *Morris v. McCulloch*, 83 Pa. St. 34; *Bowers v. Bodley*, 4 Ill. App. 279. But in the view we take of this evidence it becomes unnecessary to decide that point.

No reasonable man can read the evidence of the officers of the plaintiff bank who made the loan for which the note and mortgage of the Davis Company was given to Spaulding, and believe for one moment that Spaulding was anything more than the agent of the

bank in taking this paper. The whole transaction was proposed by the bank, engineered by its officers throughout, and not a dollar of it ever left their drawer. The bank was the real owner of the note and throughout the negotiations directed and controlled the paper, and the masquerading of Spaulding and Judge Brownlee as owners of it is so transparent that no court of justice can for a moment seriously consider the claim that either of those gentlemen ever had any beneficial interest further than as stockholders or attorney for the bank. The bank being the real party in interest, in possession of the note with power to control the indorsements and assignments, had a perfect legal right to sue upon the contracts made solely and directly for its benefit. Spaulding was the vice-president of the bank and Mr. Lomax, the cashier, testified: *Question* by Mr. Davis: "If the Wheeler Savings Bank was making the loan all the time, why did you use Mr. Spaulding's check?" *Answer.* "For the reason that the mortgage was drawn in Mr. Spaulding's name and we wanted it clear on the books of the bank." *Q.* "That is the only reason?" *A.* "Yes, sir." *Q.* "It was understood all the time from the beginning that the bank made the loan and that it belonged to the bank?" *A.* "Yes, sir, and the loan was raised by the bank to $3,000." In a word, the use of the names of Mr. Spaulding and Judge Brownlee was a mere matter of bookkeeping in which those gentlemen acquiesced for the benefit of the bank of which they were officers or attorneys. It is no reflection upon the personal or professional character of either to say that they permitted the use of their names for the accommodation of the bank under such circumstances. While the bank might have prosecuted its claim through them as trustees of an express trust, it was none the less fully authorized to sue in its own name as the real party in interest.

It follows from the premises that there is no foundation for the technical argument that the bank did not own the note and mortgage at the time of the levy. It had the same legal and equitable claim thereto then that it has now. It had a perfect right to ratify the action of its officers made in its behalf, and the mere absence of formal entries by its own agents on its own paper can not be made the excuse for splitting its cause of action.

Our conclusion upon the foregoing questions precludes any recovery by the plaintiff, and it becomes un-- necessary to express any opinion upon the invalidity of the mortgage because a majority of the board did not authorize it, or as to whether the by-laws spread upon the records of the Davis Company will not be presumed to have been adopted by the stockholders. The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.