This is a suit on an attachment bond by an interpleader. The suit originated in Pemiscot county, but was transferred to the circuit court of Butler county on a change of venue, *Page 1095 
where it was tried before a jury, resulting in a verdict and judgment in favor of plaintiff in the sum of $3,375. Defendant has appealed.
The petition charges that on June 4, 1931, one Clyde W. Drew instituted an attachment suit in the circuit court of New Madrid county, Mo., against the Southern Dredging Company, a nonresident; that an attachment writ was issued directing the sheriff of said county to attach certain property consisting of one Koehring Drag Line, blacksmith equipment complete, and a Model A Ford Truck; that the sheriff, acting under said writ, levied upon said property, none of which belonged to defendant in said cause, but was the property of relator; that relator endeavored to obtain release of said property but the plaintiff in said attachment suit refused to release same; that relator was forced to employ counsel and file an interplea in said attachment case, and upon trial a judgment was entered releasing all of said property to relator. It is further alleged that the attachment bond, herein sued upon, was duly executed, filed, and approved in said suit, which bond is set out in full. The petition further sets forth the various items of traveling expenses, loss of time, attorneys' fees, and loss incurred by reason of being kept out of the use of the property attached, all of which is alleged to total $5,967. It is further alleged that the condition of the bond was that plaintiff therein should "pay all damages and costs that may accrue to any defendant, garnishee or interpleader by reason of the attachment, or any process or proceeding in the suit, or by reason of any judgment or process thereon," etc. It is further alleged that the bond was breached by Clyde W. Drew in that he has never paid relator the amount of his damages aforesaid, though demanded so to do, but is still justly indebted to him therefor; that relator was a successful interpleader in said suit and suffered said damages.
The answer consisted of a general denial of all allegations except that defendant is an insurance corporation authorized to do business in the state of Missouri.
Defendant's brief contains nine assignments of error, the first five of which are directed to the same proposition or theory. This theory is to the effect that, since an interplea under our statute is in the nature of an action of replevin ingrafted upon an attachment suit, and since a general claim for damages in a replevin suit petition is sufficient and damages may be allowed in a replevin suit, and since plaintiff, as interpleader, did ask for damages generally in the attachment suit (although none were allowed), it follows that the judgment in the interpleader suit, introduced in evidence in this case, is conclusive upon all points raised, or which might have been raised, in the attachment suit and is a complete bar to this action although not pleaded as a bar.
We find from the authorities cited by defendant that our statutory interplea has been held to be in the nature of an action of replevin ingrafted on a suit by attachment to try title to specific chattels. Wheeler Savings Bank v. Tracey, 141 Mo. 252, loc. cit. 261, 42 S.W. 946, 64 Am. St. Rep. 505; Rice, Stix Co. v. Sally, 176 Mo. loc. cit. 119,75 S.W. 398. It is also true that damages may be allowed in a replevin suit if demanded by the successful party in his petition. Babb v. Talcott,47 Mo. 343. Also a general claim for damages in a replevin action has been deemed sufficient. Burkeholder v. Rudrow, 19 Mo. App. 60.
In fact, the replevin statute provides that damages shall be assessed and the judgment rendered against plaintiff and his sureties in certain instances (see section 1635, R. S. Mo. 1929 [Mo. St. Ann. § 1635, p. 1785]). But even in a replevin suit, where the court and jury fail to assess damages, a suit may be maintained on the bond for damages. Robbins v. Foster, 20 Mo. App. 519.
It is to be observed, however, that although an interplea in an attachment suit has the characteristics of an action of replevin, the bond given in an attachment suit is unlike the forthcoming bond in a replevin action in at least one important particular. The bond in a replevin suit is made directly to the defendant in the case. Section 1626, R. S. Mo. 1929 (Mo. St. Ann. § 1626, p. 1780). The statutory bond in an attachment suit is required to be made to the state of Missouri, for the protection of any defendant, garnishee, or interpleader, as well as the sheriff or other officer, against any damages and costs arising by reason of the attachment. Section 1280, R. S. Mo. 1929 (Mo. St. Ann. § 1280, p. 1498). The attachment statute also specifically provides that any person injured may sue on said bond in the name of the state to the use of such person injured for all damages and costs that may have accrued to him. Section 1284, R. S. Mo. 1929 (Mo. St. Ann. § 1284, p. 1500). This court has held that the proper remedy of a successful defendant in an attachment suit is by a separate suit on the bond for special damages. Veale v. Bourne,224 Mo. App. 614, 30 S.W.2d 793. The successful interpleader has, we think, the same remedy. Clark v. Brott, 71 Mo. 473; State ex *Page 1096 
rel. v. Lumber Co., 70 Mo. App. 663; Taylor v. Hines, 31 Mo. App. 622. In fact in one case, the assignee of an interpleader, who had been adjudged the rightful owner of property, was permitted to recover on the attachment bond for damages, expenses, etc. State ex rel. Blair v. Pitman,131 Mo. App. 299, 111 S.W. 134. The general rule is that damages arising out of the attachment should be recovered in an independent action, in the absence of statute. 6 C. J. 409.
We also take the view that the attachment statute, itself, contemplates separate suits on the bond for those parties entitled to damages by reason of the attachment, because section 1285, R. S. Mo. 1929 (Mo. St. Ann. § 1285, p. 1501), provides for a set-off of which an obligor on the bond might avail himself. This right could not be asserted in the original attachment suit by an obligor not a party thereto. Also, to try all such issues that might be raised under such circumstances, would prove most cumbersome, if not impossible. The statute gives rise to a separate and distinct cause of action on the bond in which suit the merits of the original case are not involved and therefore could not, in our opinion, be a bar to an action on the bond. In the case of Taylor v. Hines, supra, it is said:
"It is contended that the judgment on the interplea is a bar to this action. I think not. It was ruled in Clark v. Brott, 71 Mo. 473, that a successful interpleader could, notwithstanding his interplea, sue the officer levying the attachment, for the trespass. And in Perrin v. Claflin,11 Mo. 13, the plaintiff, after a successful interplea, sued Claflin who was plaintiff in the attachment writ which had been levied upon his goods, the court holding Claflin liable to such action. So, if in this interplea plaintiffs had recovered the goods themselves the cases just cited would be direct authority for this action. The fact that the recovery is for the proceeds of the property cannot alter the case." Loc. cit. 631 of 31 Mo. App.
In harmony with that opinion, as well as other authorities cited, we hold that relator, as interpleader, had the right to maintain this action under the statute and was not required to recover his damages in the original attachment proceedings.
The petition in this case alleged that "Clyde W. Drew has never paid relator the amount of his damages as aforesaid, though demanded so to do, but is still justly indebted to him therefor with interest on same." There is no other allegation contained in the petition relative to nonpayment of the alleged damages. It is urged that the petition failed to state a cause of action because it failed to allege that defendant, American Surety Company, had not paid the damages. No demurrer was filed to the petition. It is true, as stated by defendant in its brief, that in an action on a statutory attachment bond for the breach thereof for nonpayment of the damages, the petition should allege nonpayment of such damages. State ex rel. Rife v. Reynolds, 137 Mo. App. 261, 117 S.W. 653; Drake on Attachments (7th Ed.) § 168; 6 C. J., p. 520, § 1264.
But in the Reynolds Case, supra, cited by defendant, it is held that a petition is good after verdict although it fails to allege the nonpayment of the damage. The same question arose in the case of State ex rel. Kibble v. First National Bank of Milan (Mo. App.) 22 S.W.2d 185, where the petition only by inference could be held to have alleged the nonpayment of the alleged damages, and it was held, after a thorough discussion of the matter, that such petition was good after verdict. In the case at bar there is a specific allegation of nonpayment and that the plaintiff in the original attachment suit, Clyde W. Drew, is still justly indebted to this plaintiff. It is true that the petition does not allege the American Surety Company has not paid the alleged damages, but certainly if it had done so, Clyde W. Drew, the principal in the attachment bond sued upon, would no longer be indebted to relator, and the petition alleges that he is. It is therefore our opinion the allegation of nonpayment should be sufficient even if attacked by demurrer. Certainly it is good after verdict.
It is assigned as error that the trial court modified defendant's instruction A. In its original form this instruction, as offered by defendant, limited plaintiff's damages to the period between when demand was first made for the return of the property and the date when the property was released to him. The court modified the instruction so as to permit damages from the date of the levy of the attachment to the date of the release. No demand for return of the property was necessary and the court followed the well-established rule in allowing damages from the date of the levy. State ex rel. v. Gage Bros., 52 Mo. App. 465; State ex rel. v. Lumber Co., 70 Mo. App. 663; State ex rel. v. Parsons,109 Mo. App. 432, 84 S.W. 1019; Witascheck v. Glass, 46 Mo. App. 209; 2 C. J. 420, Art. 978.
While there is no assignment that the damages assessed at $3,375 were excessive, such point is made in the briefs and was *Page 1097 
argued orally. Most of the testimony given related to the rental value of the dredging machine called "a drag line." It is a large power machine with a shovel or bucket, cables, arms, etc., used for removing dirt and digging ditches. The cost of such a machine, when new, was said to be about $12,000. There is evidence that plaintiff secured this particular machine on an account for a price of something like $4,000. Thereafter he did considerable repair work thereon and at the time of the seizure under the attachment there was evidence that the machine was in first class condition. Both plaintiff and defendant offered testimony as to the rental value of the machine during the eight months plaintiff was deprived of the use thereof under the levy of the attachment. The various witnesses for plaintiff and defendant and the amounts of their estimates were as follows:
Plaintiff's witnesses.
Rental value Plaintiff himself $600.00 R. A. Stevenson 600.00 E. E. Terry $400.00 to 500.00 N. B. Norris $400.00 to 600.00 James Pidgeon 500.00 Wils Davis 400.00
Defendant's witnesses.
Clyde Drew $150.00 to 200.00 Joe Britton 150.00 to 200.00 E. S. Wils 160.00 to 200.00 Bland Maclin 150.00 to 200.00
There was also evidence, uncontradicted, that the rental value of the Ford truck, shop equipment, etc., was about $100 per month; attorney fees, $250; time lost $300; and traveling expenses $550. If we take the rental value of the drag line machine at $400 per month, plaintiff's lowest estimate, the rental for the eight months would be $3,200, and, when the other items are added thereto, the total damage would be much in excess of the amount of the verdict. If the reasonable rental value of the drag line machine is taken at $200 per month, which is in harmony with the evidence of defendant, plaintiff would be entitled to $1,600 for the eight months, which, when added to the uncontested items above set forth, about equals the amount of the verdict. It is suggested, however, that such machines could not have been rented during the period in question because of weather conditions. We do not believe that is a proper element to be considered. It would throw the case into the realm of speculation and leave no reasonably certain basis for estimating the damages. We are unable to say the verdict was excessive under the testimony.
We find no material error in the case and the judgment should be affirmed. It is so ordered.
ALLEN, P.J., and SMITH, J., concur.